(101 South. 183)

WEBSTER v. STATE. (7 Div. 482.)

(Supreme Court of Alabama. June 26, 1924.)

1. Jury ⚖116—Venire cannot be quashed for discrepancies in names of veniremen.

A venire cannot be quashed for discrepancies in the names of veniremen.

2. Criminal law ⚖1170(2)—Exclusion of declarations of defendant fleeing after murder to his brother about surrendering, if error, held harmless.

Exclusion of declarations of defendant, fleeing after a murder, to his brother with whom he hid as to his purpose to surrender when he could safely do so, if error, was harmless, where defendant had before jury everything that was relevant and proper for their consideration in estimating value of evidence of his flight as a factor indicative of guilt.

3. Criminal law ⚖361(3)—Declarations of defendant fleeing after murder about surrendering to the authorities held properly excluded.

Declarations of defendant, fleeing after a murder to his brother, with whom he hid, about surrendering when he could safely do so, were competent to explain concurrent acts of otherwise ambiguous import; it appearing without dispute that defendant remained in hiding to avoid arrest by officers generally, as well as avoiding capture by friends of deceased.

Appeal from Circuit Court, Shelby County; L. L. Saxon, Special Judge.

George Webster was convicted of murder in the second degree, and appeals. Affirmed.

L. H. Ellis, of Columbiana, for appellant.

Defendant was entitled to show the cause of his flight. Goforth v. State, 183 Ala. 66, 63 South. 8; Harroway v. State, 18 Ala. App. 665, 94 South. 183.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Self-serving declarations of defendant were inadmissible. He had the benefit of facts and circumstances testified to by his brother. Goforth v. State, 183 Ala. 66, 63 South. 8; Harroway v. State, 18 Ala. App. 665, 94 South. 183; Gilbert v. State (Ala. App.) 100 South. 566.

SOMERVILLE, J. The defendant was convicted of murder in the second degree, and sentenced to imprisonment for 25 years. He killed John S. Hartsfield by cutting his throat with a knife. The state's witnesses, if their testimony was to be believed, made out a clear case of murder, while defendant's own testimony tended to make out a case of self-defense, or of killing under provocation, while the deceased and another were attacking him.

[1] Defendant moved to quash the venire on the ground of discrepancies in the names of two veniremen, as drawn and as served on defendant. The record does not support the motion, but in any case the venire cannot be quashed for such defects.

We have examined the rulings on the evidence and the instructions given to the jury, and find no error of which defendant can complain. Counsel has argued in brief but a single question, and it is entitled to a brief discussion.

[2] The state showed that immediately following the killing defendant left the community and was not found and arrested until six or seven months later, having been in hiding at the home of his brother in the adjoining county of St. Clair. This brother testified as a witness for defendant, and stated that he had had conversations with him from time to time. Defendant's counsel asked him if he had "any conversation with him about whether or not he should give up; if so, what did he say?" Objection being made by the state, counsel "stated to the court that he expected the answer to show that defendant, George Webster, told the witness in several conversations while he was out hiding after the killing, and before he was arrested, that he did not intend to run away, but intended to stay there until he could find a safe time to come to jail, and that as soon as he got a chance he was coming to jail and stand trial; that the Hartsfield crowd were hunting for him, and just as soon as he could safely get to jail he was coming and stand trial." Objection to the question was sustained. The witness then testified:

"He [defendant] stayed under my house most of the time; I had a place fixed up under there for him; officers in great numbers and droves came around there all the time; a Mr. Hartsfield was sheriff of Jefferson county; he

and the Hartsfields were down there looking for George with rifles; it was a continual thing."

Defendant invokes the application of the rule laid down by this court in Goforth v. State, 183 Ala. 66, 63 South. 8, wherein it was said:

"The question as to why the defendant left the community and remained away from it becomes a question for the jury, and so, when the state offers the fact of the defendant's flight from the community in evidence, the law allows both the state and the defendant to show all those things which the defendant said and did when he left, and while away from the community, which tend to explain the quo animo of the flight, whether the absence of the defendant was due to his sense of guilt, or his desire to avoid, or through fear of, arrest, or on the other hand, whether his absence was due to other causes."

It will be observed that the witness was allowed to state the facts which were relevant to the generation of fear in defendant's mind—apprehension of bodily harm if he should fall into the hands of the officers, and relatives and friends of deceased—which may have induced him to remain in hiding. It must be noted, also, that defendant was allowed to state, when testifying for himself, that while in the act of leaving the neighborhood of the killing he told his wife that he would have to get away just as quick as he could, because that crowd—the Hartsfields, Lester, and Cardwell—would kill him if they got hold of him. We think, therefore, that defendant had before the jury everything that was relevant and proper for their consideration in estimating the value of the evidence of his flight as a factor indicative of guilt, and that the exclusion of the question as to his purpose to surrender when he could safely do so was, even if erroneous, without material prejudice to defendant.

[3] However, we think it is clear that the matter excluded does not come within the principle applied in the Goforth Case, supra, because it is not the sort of declaration which is competent to color and explain concurrent acts or conduct of otherwise ambiguous import (Montgomery v. State, 2 Ala. App. 25, 56 South. 92, 95 [15]); and, moreover, it appeared without dispute that defendant remained in hiding for more than six months for the purpose of avoiding arrest by officers generally, as well as of avoiding capture by friends of the deceased. We think that the judgment of conviction should be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.