Ronnie Cassady was indicted, tried, and convicted in Mobile County on three separate charges of selling illicit drugs in violation of the Alabama Uniform Controlled Substances Act, Ala. Code 1975 § 20-2-1, et seq. The several charges were consolidated for trial and the jury convicted Cassady on all three. The jury assessed a fine of $25,000 per conviction and the court sentenced appellant to life imprisonment based upon his habitual offender status, Ala. Code 1975 § 13A-5-9.
On appeal, Cassady alleges that his trial on these charges is in breach of a negotiated plea agreement with the Mobile County District Attorney's Office. Purportedly, that agreement was reached to allow Cassady to plead guilty to various existing and pending charges and to be sentenced to concurrent fifteen-year sentences for all. The state contends that no such agreement as to the pending charges existed and that the conviction and sentence in this case should stand.
Proper resolution of this case requires a factual determination of whether such an agreement existed and, if so, its terms. The state's objection to our consideration of appellant's Exhibit "A" to his brief is well taken; the record on appeal is deficient as to this issue. We are precluded from considering any matters not properly before the court. Boswellv. State, 290 Ala. 349, 276 So.2d 592, appeal dismissed,414 U.S. 1118, 94 S.Ct. 855, 38 L.Ed.2d 747 (1974); McMurphy v.State, 358 So.2d 1065 (Ala.Crim.App.), cert. denied,358 So.2d 1069 (Ala. 1978); Ala. Digest, Criminal Law, Key No. 1114 (1).
We do, therefore, remand this case to the Circuit Court of Mobile County for an evidentiary hearing on the issue of whether a negotiated plea agreement existed with respect to the convictions in the instant case and the terms of any such agreement. The trial judge should make written findings of fact on this issue and return same together with the transcript to this court.
We will not address the serious questions of law raised by appellant's second and third issues before resolution of this threshold question.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
 ON RETURN TO REMAND