This Court granted a writ of certiorari in this case because there appeared to be probable merit in petitioner's arguments that the judgment of the Court of Criminal *Page 787 
Appeals conflicted with prior decisions and incorrectly decided an issue of first impression. Petitioner was convicted of both selling and trafficking in cocaine. The principal issues are whether the evidence supported two convictions and whether the trial court improperly admitted evidence of prior criminal acts.
The facts are set out in the opinion of the Court of Criminal Appeals. Petitioner, Arthur Edward Darby, was arrested after an informant, Walter Barner, met Darby while under police observation and bought cocaine from him. The grand jury returned two indictments against Darby, one charging that he "did . . . unlawfully sell cocaine . . . in violation of the provisions of the Alabama Uniform Controlled Substances Act, in violation of 20-2-70 of the Code of Alabama," and the other charging that he "did knowingly possess 28 grams or more of cocaine . . . in violation of 20-2-80(2) of the Code of Alabama."[1] The jury returned guilty verdicts on both indictments, finding the defendant "guilty of selling cocaine as charged in the [selling] indictment," and "guilty of trafficking in cocaine as charged in the [trafficking] indictment."
Code 1975, § 20-2-80(2),[2] defines the offense of trafficking in cocaine:
 "Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25(1), is guilty of a felony, which felony shall be known as 'trafficking in cocaine.' If the quantity involved:
 "a. Is 28 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $50,000.00.
 "b. Is 200 grams or more, but less than 400 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of five calendar years and to pay a fine of $100,000.00.
 "c. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.00."
The facts showed that Darby sold 27.5 grams of cocaine to Barner and that after his arrest an additional quantity of cocaine, totalling 35.5873 grams, was found in his coat pockets. This evidence, taken alone, supports a conviction for trafficking in cocaine. The question is, does it also support a separate conviction and sentence for selling cocaine?
Code 1975, § 20-2-70, is titled "Prohibited acts A" and provides in pertinent part:
 "(a) Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain . . . controlled substances . . . is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00."
A single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense. Const. of 1901, Art. I, § 9; U.S. Const. Amend. V; Vogel v. State, 426 So.2d 863 (Ala.Crim.App. 1980), affirmed in part, writ quashed in part, 426 So.2d 882
(Ala. 1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456,77 L.Ed.2d 1335 (1983).
Thus, possession of a number of different controlled substances will support only one sentence and fine under §20-2-70. Vogel v. State, supra; Smith v. State, 472 So.2d 677
(Ala.Crim.App. 1984); Cassady v. State, 486 So.2d 449
(Ala.Crim.App. 1985), reversed on other grounds, 486 So.2d 453
(Ala. 1986). *Page 788 
In appropriate circumstances, such as where a defendant is in actual possession of a small quantity and in constructive possession of a quantity large enough to invoke § 20-2-80, but denies knowledge of the presence or contents of the larger quantity, the criminal offense defined in § 20-2-70 is a lesser included offense of that defined in § 20-2-80. Ex parte Kerr,474 So.2d 145 (Ala. 1985).
The Court of Criminal Appeals has held, however, that where a defendant possesses a sufficient quantity of one drug to be convicted of the felony of trafficking and lesser quantities of other drugs, separate punishments under §§ 20-2-70 and -80 are permissible. Sears v. State, 479 So.2d 1308 (Ala.Crim.App. 1985); Garrett v. State, 480 So.2d 58 (Ala.Crim.App. 1985);Story v. State, 435 So.2d 1360 (Ala.Crim.App. 1982), reversedon other grounds, 435 So.2d 1365 (Ala. 1983).
The Court of Criminal Appeals held that its holding inSears, supra, was more closely on point with the facts of the instant case than were the holdings of such cases as Smith,supra, and Vogel, supra, and affirmed the judgment of the trial court, including its imposition of two sentences and two fines. We express no opinion in this case on the holdings in the Sears
line of cases. We conclude merely that the facts of the instant case will not support two separate punishments, one for trafficking in cocaine and one for selling cocaine.
Webster's Third New International Dictionary of the EnglishLanguage, Unabridged (1971) defines "traffic" as "to engage in commercial activity: buy and sell: trade; to engage in illegal or disreputable business activity." When Darby sold to Barner a portion of the cocaine he had in his possession, he was engaging in trade, or trafficking in cocaine. If Darby had sold Barner 28 grams and retained 35 grams, two trafficking convictions would surely have constituted being put in jeopardy twice for the same offense, as prohibited by § 9 of the Constitution of 1901. The quantity limitations of § 20-2-80
support a presumption that the offender is regularly selling or selling for resale and supply a reasonable basis for concluding that he is "trafficking" as defined above. To punish a person for "regularly selling" and for "selling" when he has been arrested only once for selling some of what was then in his possession and retaining the rest is clearly to violate the constitutional prohibition against subdividing a single criminal act and imposing multiple punishments for it. Thus, we hold that § 20-2-70 is applicable to this case only as a lesser included offense of § 20-2-80 and that the Court of Criminal Appeals erred in upholding the trial court's imposition of sentences and fines on both statutes.
A further error is apparent in Part IV of the opinion of the Court of Criminal Appeals. Darby objected to questions propounded to Barner regarding alleged prior instances of Darby's selling cocaine to Barner. The Court of Criminal Appeals held that this evidence was properly admitted "for the purpose of showing [Darby's] plan, scheme, or on-going business system to engage in the sale of illegal drugs." In short, according to that court, if a defendant is on trial for selling controlled substances, prior acts of selling controlled substances are admissible to prove that the defendant was in the business of selling controlled substances.
The Court of Criminal Appeals makes brief reference to the hornbook principle of criminal law that prior illegal acts are not admissible to prove the defendant's bad character or to prove that he behaved in conformity with his bad character on the occasion in question, citing McDonald v. State, 57 Ala. App. 529, 329 So.2d 583 (1975). See also Ex parte Arthur,472 So.2d 665 (Ala. 1985); Ex parte Cofer, 440 So.2d 1121 (Ala. 1983);Brasher v. State, 249 Ala. 96, 30 So.2d 31 (1947); Brewer v.State, 440 So.2d 1155 (Ala.Crim.App. 1983); C. Gamble,McElroy's Alabama Evidence § 69.01 (3d ed. 1977).
The court then proceeded, however, to expand an exception to the extent that it swallowed the rule. Exceptions come into play where there is a question of the identity of the defendant as the perpetrator of the alleged crime or where there is a question *Page 789 
of intent, motive, physical capacity, or knowledge. The identity exception allows evidence of uniquely similar prior crimes of which the defendant has been convicted so as to provide circumstantial evidence that the defendant in fact committed the crime being prosecuted. In other words, where themodus operandi of the crime at trial is characteristically similar to that used by the defendant on prior occasions, evidence of the prior crimes may be used to connect the defendant to the crime at issue. See Allen v. State,478 So.2d 326 (Ala.Crim.App. 1985), and Brewer v. State, supra.
The Court of Criminal Appeals stated in the instant case, however, that "Evidence of prior bad acts is frequently admitted to show the accused's motive, intent, scienter, identity, plan, scheme, or system." Disregarding the notion that such evidence is frequently admitted, we hold that it was improperly admitted in this case. There was no dispute in this case as to Darby's identity or as to scienter, i.e., his knowledge of the nature of the white powder he was selling. Nothing regarding motive, intent, plan, scheme, or system was remotely at issue in the case. We have recently reaffirmed the principle that where there is no ground for an exception, such as an issue of identity or specific intent, evidence of prior crimes is not to be admitted. Anonymous v. State, 507 So.2d 972
(Ala. 1987). The plan, scheme, or system exception does not apply here because, as explained in Brewer v. State, supra, that exception is essentially coextensive with the identity exception; it does not provide an independent ground for proving that a defendant accused of possessing drugs on a specified occasion was in the business of selling drugs.
Darby was caught virtually in the act of selling cocaine and retained enough in his possession to be convicted of trafficking in cocaine. Proof of these facts was sufficient, and admission of testimony regarding prior acts of selling cocaine had no probative value, was inherently prejudicial, and constituted reversible error.
The remaining issues raised in the petition are not well taken or do not require comment, except that we would urge prosecuting attorneys to refrain from name-calling such as that engaged in by the district attorney in this case when he called Darby a "dope dealer and a car thief." Such comments can easily pass beyond the bounds of proper argument.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES, BEATTY and ADAMS, JJ., concur.
[1] We shall refer to the first-quoted indictment as the selling indictment and the second-quoted indictment as the trafficking indictment. Although the second-quoted indictment speaks in terms of "possession," § 20-2-80(2) creates the felony of trafficking in cocaine, and the jury returned its verdict on this indictment in those terms.
[2] As it existed at the time of this offense. See 1986 Ala. Acts, No. 86-534.