We granted certiorari in this case to determine whether the defendant is entitled to a new trial as a result of certain errors committed by the trial court. For a statement of the facts see Lowe v. State, 514 So.2d 1042 (Ala.Cr.App. 1986).
The Court of Criminal Appeals correctly held that the circumstances surrounding the Birmingham Police Department's internal affairs investigation tended to negate the inference that the defendant fled because of a consciousness of guilt and, therefore, should have been presented to the jury for its consideration. However, the court then went on to hold that the exclusion of this evidence did not prejudice the substantial rights of the defendant, because 1) the defendant was allowed to introduce a "more plausible" reason for his flight (citing Webster v. State, 211 Ala. 519,101 So. 183 (1924)) and 2) the evidence of the defendant's guilt, though circumstantial, was "overwhelming."
The Court of Criminal Appeals' reliance on Webster
is misplaced. In that case the defendant's conviction was not reversed because the Court was of the opinion that the defendant had gotten before the jury everything that was relevant and proper for its consideration on the question of flight. In the present case the defendant was never allowed to present to the jury the circumstances surrounding the Birmingham Police Department's internal affairs investigation. The reason for the defendant's flight is a question properly reserved for the jury after a consideration of all the relevant circumstances.
Furthermore, the proper inquiry here is not whether evidence of the defendant's guilt is overwhelming but, instead, whether a substantial right of the defendant has or probably has been adversely affected. The exclusion of evidence tending to explain a flight does adversely affect a substantial right of a defendant. See Goforth v.State, 183 Ala. 66, 63 So. 8 (1913); McAllister v.State, 30 Ala. App. 366, 6 So.2d 32 (1942); Green v.State, 258 Ala. 471, 64 So.2d 84 (1953). Overwhelming evidence of guilt does not render prejudicial error harmless under Rule 45, Ala.R.App.P. See Ex parte Johnson,507 So.2d 1351 (Ala. 1986).
Having determined that the judgment must be reversed and the case remanded, we pretermit any discussion of the other errors alleged to have been committed by the trial court, as they will probably not occur at another trial.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.