520 So.2d 218 (1987)
Willie King HALL
v.
STATE.
4 Div. 927.
Court of Criminal Appeals of Alabama.
October 27, 1987.
Rehearing Denied December 8, 1987.
Certiorari Denied February 19, 1988.
George Howard Trawick, Ariton, for appellant.
Don Siegelman, Atty. Gen., and James B. Prude, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 87-350.
BOWEN, Presiding Judge.
Willie King Hall was convicted of murder and sentenced to life imprisonment.
Hall was indicted for intentional murder under Alabama Code 1975, § 13A-6-2(a)(1). The trial judge charged the jury on both intentional and reckless murder. Proper objection was made. This constitutes reversible error. Ex parte Washington, 448 So.2d 404 (Ala.1984). See also Mathews v. State, 491 So.2d 1087 (Ala.Cr.App.1986); Bell v. State, 455 So.2d 1022 (Ala.Cr.App. 1984); Ponder v. State, 451 So.2d 1382 (Ala.Cr.App.1984); Dawson v. State, 449 So.2d 800 (Ala.Cr.App.1984).
The Attorney General argues that the charge on reckless murder was abstract and without prejudice because "the undisputed and unconflicting evidence was of an intentional and only an intentional, homicide." Appellee's brief, p. 10. The State's evidence did show that Hall intentionally shot the victim with a shotgun. Hall testified in his own behalf and stated that the victim was "charging" him with a knife and he "just picked the gun up and shot. [He] was scared and panicked." Hall testified, "Only thing I know is I shot. I didn't see where I hit. I just shot."
On two separate occasions, the trial judge charged the jury that "a person commits the crime of murder if, with intent to cause the death of another person he causes the death of that person or of another person, or two, under circumstances manifesting extreme indifference to human life he recklessly engages in conduct which creates a grave risk of death to a person other than himself and thereby causes the death of another person." The trial judge gave no further explanation or qualification of reckless murder. Under this charge, it is conceivable that the jury *219 would have found that Hall acted recklessly rather than intentionally.
"[T]he proper inquiry here is not whether evidence of the defendant's guilt is overwhelming but, instead, whether a substantial right of the defendant has or probably has been adversely affected.... Overwhelming evidence of guilt does not render prejudicial error harmless under Rule 45, Ala.R.App.P. See Ex parte Johnson [507 So.2d 1351, 1356] (Ala.1986)." Ex parte Lowe, 514 So.2d 1049 (Ala.1987). Here, Hall had a constitutional right to be informed of the nature and the cause of the accusation against him. Washington, 448 So.2d at 407-08. Under Washington, we cannot say that the denial of this constitutional right constituted harmless error on the basis of speculation as to what the jury might have done had the improper charge not been given.
"We have said that it is not reversible error for the court to refuse an abstract charge, nor will the giving of an abstract charge which asserts a correct legal proposition operate a reversal unless it appears that on account of the circumstances of the case and the character of the charge given it was calculated to prejudice." McPhearson v. State, 271 Ala. 533, 540, 125 So.2d 709 (1961).
Here, as in McPhearson, "[w]e are not prepared to say in the case at bar that this charge was not prejudicial to the defendant." 271 Ala. at 540, 125 So.2d at 715.
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.