The appellant was indicted for trafficking in cocaine, in violation of § 20-2-80, Code of Alabama (1975), and the unlawful possession of marijuana, in violation of § 20-2-70,Code of Alabama (1975). The appellant entered a plea of guilty to the offense of possession of marijuana and that charge was reduced from a felony to a misdemeanor. The appellant was thereafter convicted of trafficking in cocaine and was sentenced to ten years' imprisonment and ordered to pay a fine of $50,000, as well as $25 to the Alabama Crime Victims Compensation Fund. Because one of the issues raised by the appellant merits reversal, the other issues will not be addressed.
The appellant argues that the trial court erred by allowing testimony of alleged prior criminal activity by the appellant. During the trial, the appellant's "ex-girlfriend" testified that during the time she dated the appellant, she smoked marijuana with him. Upon objection by the defense counsel, the trial court instructed the jury to disregard that testimony. The prosecutor also asked the witness whether she had previously seen the appellant in the presence of cocaine; the appellant objected, and the trial court ordered the jury to disregard the question. However, the trial court thereafter allowed into evidence further testimony by the witness that in October 1986, four months prior to the instant offense, she observed the appellant, with cocaine, using the scales that were found in the van in the instant offense. She testified that this prior incident occurred at the appellant's place of business and that the appellant, his accomplice, and another man were present "[a]nd they had two chunks of cocaine sitting on one side of the scale."
That testimony concerning the prior specific bad act of the appellant, involving another drug offense, was inadmissible. See Ex parte Darby, 516 So.2d 786 (Ala. 1987). Although the State argues that it should have been admissible to prove the appellant's constructive possession, the State also introduced the testimony of the appellant's accomplice, who stated that the appellant helped him package the cocaine and place it in the van. That testimony was clearly corroborated by the fact that the cocaine was found in the van. Thus, the ex-girl friend's testimony was not necessary to prove constructive possession. See Popwell v. State, 530 So.2d 892 (Ala.Cr.App. 1988).
Moreover, the testimony was not admissible under any of the exceptions to the exclusionary rule. Specifically, although the State argues that it should have also been allowed into evidence under the intent exception, the Alabama Supreme Court has held that the intent exception only applies to crimes involving "specific intent." See Anonymous v. State,507 So.2d 972 (Ala. 1987); Ex parte Darby, supra, at 789. Neither is the testimony admissible under the plan, scheme, and design exception, as argued by the State, because "that exception is essentially co-extensive with the identity exception; it does not provide an independent ground for proving that a defendant accused of possessing drugs on a specified occasion was in the business of selling drugs." Ex parte Darby, supra, at 789. Lastly, the testimony was not admissible under the scienter exception, as there was no evidence that the appellant did not know the nature of the white powder. Id.
However, following the introduction of this inadmissible testimony by the State, *Page 1137 
the following transpired during defense counsel's questioning of the same witness on cross-examination:
 "[DEFENSE COUNSEL]: Do you know — and I will ask you this. Do you know whether or not Jeff ever dealt in selling drugs and so forth?
"A: He had told me.
"Q: Huh?
"A: He had told me.
"Q: He had told you that?
"A: Yes.
"Q: Have you ever seen him sell drugs?
 "A: I have seen him walk behind the door with drugs and come back with money. But not actually in front of me.
"Q: And where was this?
"A: This was at his place of business."
Thus, the defense counsel introduced bad character testimony concerning the appellant's selling narcotics. Although the prosecutor committed reversible error during the direct examination, it must be determined whether defense counsel's elicitation of the damaging testimony on cross-examination rendered the error harmless.
There are currently three different standards being used in Alabama for determining whether an error is harmless. While it is unclear which of these standards should be applied to this situation to determine whether the erroneous admission of the prior specific bad act was rendered harmless by defense counsel's subsequent admission of evidence of bad character, we find that the error cannot be deemed harmless under any of those standards.
According to Rule 45, Alabama Rules of Appellate Procedure, an error is harmless unless "it should appear that the injury complained of has probably injuriously affected substantial rights of the parties." This standard has been recently used inHall v. State, 520 So.2d 218 (Ala.Cr.App. 1987) (improper jury charge); and Ex parte Lowe, 514 So.2d 1049 (Ala. 1987) (exclusion of evidence to explain flight). There is no restrictive or limiting language indicating the type of context to which this standard would apply. However, it is clear that a substantial right of the appellant was affected by the introduction of this evidence, especially in light of the fact that the appellant's defense was that, although he was aware of the presence of the marijuana, as he and the accomplice had been smoking it, he was not aware of, nor was he involved in, the presence of the cocaine in the van.
The standard for determining harmless error established by the United States Supreme Court in Chapman v. California,386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), is the determination of whether an error is "harmless beyond a reasonable doubt." This standard has recently been applied inSargent v. State, 515 So.2d 729 (Ala. 1987) (introduction of inadmissible convictions); Freeman v. State, [Ms. 8 Div. 200, March 22, 1988] (Ala.Cr.App. 1988) (Sandstrom error). We cannot find that the introduction of evidence of the appellant's prior bad act was "harmless beyond a reasonable doubt" in light of Exparte Darby, supra, and the nature of the appellant's defense.
Finally, the Alabama Supreme Court has recently applied another standard in the context of "federal constitutional errors" — "that the error did not contribute to the conviction." Ex parte Musgrove, 519 So.2d 586, 587 (Ala. 1988), cert. denied, Musgrove v. Alabama, ___ U.S. ___,108 S.Ct. 2024, 100 L.Ed.2d 611 (1988) (illegally seized bayonet). Under this analysis, the Court looked to the evidence presented[1] and to the nature of the appellant's defense. Thus, because the appellant's defense was that he had no knowledge of the cocaine, we cannot determine that evidence linking the appellant to cocaine with the same scales found in the van "did not contribute to the conviction."
Therefore, because defense counsel's questioning on cross-examination did not render the State's error under Exparte Darby, supra, harmless, this cause is due *Page 1138 
to be reversed and remanded to the trial court.
REVERSED AND REMANDED.
All Judges concur.
[1]. Cf. Ex parte Lowe, supra, and Ex parte Johnson,507 So.2d 1351, 1356 (Ala. 1986) ("[o]verwhelming evidence of guilt does not render prejudicial error harmless"). See also Thomas v.State, 520 So.2d 223 (Ala.Cr.App. 1987).