ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court with orders to impose the $25,000 fine mandated in cases involving trafficking in cannabis, pursuant to § 20-2-80(l)(a), Code of Alabama (1975). 555 So.2d 308. The appellant again appeared before the sentencing court and the fine was imposed.
I
The appellant argues that the trial court erred in denying his motion to exclude the State’s evidence, because, he argues, it failed to prove his constructive possession of the marijuana. He further argues that the evidence presented by the State was insufficient to sustain his conviction, for the same reason. However, the State proved that the appellant had constructive possession of the marijuana. The record indicates that the appellant was a *319 passenger in the back seat of a vehicle which was stopped by the police pursuant to a confidential informant’s tip. As indicated by the informant, marijuana was found in the trunk of the vehicle, amounting to approximately 11 pounds. An accomplice, who owned the vehicle and whose fingerprints were found on the container of marijuana, testified that he asked the appellant in Augusta, Georgia, to ride with him to Alabama in order to transport some marijuana. This testimony, coupled with the appellant’s presence in the vehicle, sufficiently proved his knowledge of the presence of the marijuana.
While mere presence of an appellant in an automobile containing contraband is insufficient to support his conviction, Ex parte Story, 435 So.2d 1365 (Ala.1983), physical proximity to the contraband is relevant. Smith v. State, 457 So.2d 997 (Ala.Cr.App.1984). The State introduced additional evidence, in the form of the accomplices’ testimony, which provided the inference that the appellant knew of the presence of the marijuana. Moreover, the appellant’s presence in the vehicle corroborated the accomplice’s testimony. Schaut v. State, 551 So.2d 1135 (Ala.Cr.App.1989). Thus, the State established a prima facie case of trafficking, and the appellant’s constructive possession of marijuana, through circumstantial evidence. Higdon v. State, 527 So.2d 1352 (Ala.Cr.App.1988).
II
The appellant argues that the trial court erred in refusing to give two of his written requested charges. However, the appellant failed at trial to object to the court’s failure to give those charges and further, announced that he was satisfied with the trial court’s charge to the jury. Therefore, this matter is not preserved for review. Rule 14, Alabama Temporary Rules of Criminal Procedure.
OPINION EXTENDED; AFFIRMED.
All Judges concur.