The appellant was convicted of the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code ofAlabama 1975, and was sentenced to 20 years' imprisonment.
The dispositive issue presented for review is whether the trial court committed reversible error in allowing the state to introduce prior bad acts of the appellant for the alleged purpose of proving identity and common plan, scheme, or design. The record indicates that the state presented the testimony, over timely objection by defense counsel, of Alcoholic Beverage Control Board agent Robert Chambers, who testified that, while acting undercover, he had bought cocaine from the appellant on two previous occasions.
The appellant's trial counsel argued that the introduction of this evidence was more prejudicial than probative because there was no dispute as to the appellant's identity. In Ex parteDarby, 516 So.2d 786 (Ala. 1987), the Alabama Supreme Court held that evidence regarding alleged prior instances of defendant's selling cocaine to a government informant was inadmissible, where there was no dispute as to the defendant's identity. More particularly, the Court stated:
 "There was no dispute in this case as to Darby's identity or as to scienter, i.e., his knowledge of the nature of the white powder he was selling. Nothing regarding motive, intent, plan, scheme, or system was remotely at issue in the case. We have recently reaffirmed the principle that where there is no ground for an exception, such as an issue of identity or specific intent, evidence of prior crimes is not to be admitted. Anonymous v. State, 507 So.2d 972 (Ala. 1987). The plan, scheme, or system exception does not apply here because . . . that exception is essentially coextensive with the identity exception; it does not provide an independent ground for proving that a defendant accused of possessing drugs on a specified occasion was in the business of selling drugs."
Id. at 789. See also Schaut v. State, 551 So.2d 1135
(Ala.Cr.App. 1989).
Here, there was evidence presented by the State tending to show that the appellant had, on the two occasions firming the basis of these charges, sold cocaine to an undercover ABC agent. Therefore, evidence of these sales was sufficient to support a conviction, and admission of testimony regarding prior acts of selling cocaine was clearly more prejudicial than probative, and thus constituted reversible error. For the reasons stated, the judgment in this case is due to be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur. *Page 51