■ In the Matter of BERNARD BRAUNSTEIN, Appellant, v JOHN D. FRAWLEY, as Justice of the Recorder's Court of the City of Elmira, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 15, 1977 in Chemung County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to prohibit (1) the retrial of petitioner on six informations charging a violation of section 235.05 of the Penal Law alleged to have occurred on October 2, 1975, and (2) the imposition of sentence under a conviction on June 23, 1976 of the violation of said section on September 26, 1975. On September 26, 1975, a police investigator of the City of Elmira entered petitioner's bookstore and purchased three magazines. After examination of the magazines, three informations were filed on October 2, 1975 against petitioner, each charging him with promoting obscenity in the third degree on September 26, 1975 in violation of subdivision 1 of section 235.05 of the Penal Law. The petitioner was arrested on these charges on October 2, 1975. On the same day, respondent, Justice Frawley, viewed six motion picture films at petitioner's bookstore, and found the same to be in violation of subdivision 1 of section 235.05 of the Penal Law. The police investigator then applied for a search warrant based upon his viewing of two of the films on September 26, 1975, and the viewing by Justice Frawley on October 2, 1975. On October 2, 1975, the search warrant was executed, and approximately 160 items were seized consisting of books, magazines and the six motion picture films and projectors. On October 8, 1975, Lt. Marion Pirozzola of the Elmira Police Department filed six informations each charging the petitioner with having committed the crime of obscenity in the second degree on October 2, 1975 based upon his viewing on October 7, 1975 of the six films seized on October 2, 1975. On October 8, 1975, petitioner was arrested and charged under these six informations. After a jury trial held on all nine informations on June 26, 1976, petitioner was convicted on one information arising out of the sale of one magazine. The jury was unable to reach a verdict on the remaining eight informations, and a mistrial was declared. Sentencing on the one conviction was initially scheduled, but was indefinitely postponed by Justice Frawley on the ground that sentencing would prejudice petitioner upon retrial of the remaining eight informations. The petitioner moved to dismiss the remaining eight informations on the ground that they constituted double jeopardy in that they all arose out of a single act of promotion of obscenity. This motion was denied. Petitioner also moved for sentencing on the one conviction, and that motion was also denied. After several adjournments of the retrial, at the request of the District Attorney, the retrial was scheduled for May 7, 1977. On that day, petitioner's motion to dismiss on the ground of double jeopardy was denied and, on the next day, this proceeding was commenced. Special Term prohibited the retrial of the two informations based on the two magazines purchased on September 26, 1975 on the ground that they arose out of and are not discretely separable from the transaction for which petitioner had already been convicted, and any conviction on the basis of those related informations could only result

in a concurrent sentence. Special Term refused to prohibit the retrial of the six informations based upon the films on the ground that these informations involved a separate and distinct transaction which occurred on October 2, 1975, and that petitioner's conviction for a crime committed on September 26, 1975 affords no basis for a claim of double jeopardy if he is convicted of a crime which took place on October 2, 1975. Special Term also determined that the 11-month delay in sentencing on the conviction was not so unreasonable as to deprive the trial court of jurisdiction to impose sentence, particularly in view of the court's motivation and desire to avoid prejudicing petitioner's interests but, in view of petitioner's willingness to accept any prejudice which might ensue, and to avoid further delay of his right to appeal, Special Term ordered Justice Frawley to pronounce sentence forthwith. CPL 380.30 (subd 1) provides as follows that: "Sentence must be pronounced without unreasonable delay." Under the circumstances herein, we conclude that the delay of 11 months was neither extremely long nor unreasonable, and Special Term properly concluded that the Recorder's Court of the City of Elmira was not divested of jurisdiction to impose sentence upon petitioner *(People ex rel. Weingard v Casscles,* 40 AD2d 530; *People v Gibson,* 39 AD2d 947). Subdivision 1 of section 235.05 of the Penal Law provides as follows: "A person is guilty of obscenity in the second degree when, knowing its contents and character, he: 1. Promotes, or possesses with intent to promote, any obscene material". The offense defined in this statute is the promotion or possession with intent to promote any obscene material. The offense consists of the promotion or possession with intent to promote, not the promotion or possession of each item. The promotion or possession of more than one item at the same time and on the same date constitutes one crime, and cannot be split into as many crimes as there are items *(People v Sloan,* 175 Misc 618). CPL 40.20 (subd 2) also provides: "A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless: (a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil". Petitioner's contention that his conviction under the one information bars his prosecution under the six informations involving the films, is without merit. The act of possession of obscene material on September 26, 1976 is sufficiently separated in point of time as to be clearly distinguishable obscene material on October 2, 1976, and petitioner could properly be charged with promotion of obscene materials on both days. Petitioner's contention that he may not be prosecuted on six different informations for the films presents a different situation. This is not a situation wherein a single act or transaction offends against two statutes, but a situation in which a possession of numerous items offends against one statute. The sole differentiation in each of these informations is the particular film involved. Thus, the only difference is the evidence. The six informations charge only conduct which violates a single statutory provision and death, injury, loss or other consequences to a victim, are not as elements of the offense defined (CPL 40.10). The statute merely prohibits certain conduct. The possession with intent to promote of numerous items of obscene material in a retail store comes within the definition of a "criminal transaction" under CPL 40.10 (subd 2) so as to constitute a "single criminal venture". In *Sanders v United States* (441 F2d 412, cert den 404 US 846), the court held that the use of the word "a" in subdivision (d) of

section 5861 of title 26 of the United States Code, making it unlawful to "receive or possess a fire arm which is not registered" permitted prosecution for each firearm possessed simultaneously. However, in *United States v Kingsley* (518 F2d 665), it was held that a statute prohibiting the possession of "any firearm" by a felon was ambiguous and the defendant could not be prosecuted for each firearm possessed as separate offenses, thus resolving the ambiguity in favor of defendant. Subdivision 4 of section 235.00 of the Penal Law defines "promote" as "to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same." Similarly subdivision 1 of section 235.05 of the Penal Law prohibits the promotion or possession with intent to promote "any obscene material", and is thus ambiguous as to whether there is one or more offenses committed where more than one item is simultaneously promoted or possessed with intent to promote and such ambiguity should be resolved in favor of the defendant to avoid duplicity. The appropriate procedure to avoid duplicity is by motion to compel an election as to which information is to be prosecuted, or, in the alternative, to consolidate the informations into one information listing the six films allegedly promoted. In such situation, the information would not be duplicitous in that it would charge but one offense (cf. *People v Potwora,* 51 AD2d 678). Judgment affirmed, without costs, and without prejudice to an application, by petitioner, for an order compelling the prosecution to either elect to proceed on one information or consolidate the informations to allege the occurrence of one crime, if petitioner be so advised. Sweeney, J. P., Staley, Jr., Larkin, Mikoll and Herlihy, JJ., concur.