This Court's opinion of September 18, 1981, in which this Court reversed the judgment of the Court of Criminal Appeals, is withdrawn, and the following opinion is substituted for it:
On October 2, 1981, the State of Alabama moved for a rehearing, praying that the judgment of this Court, entered on September 18, 1981, be set aside. During the pendency of the application for rehearing, our research revealed that the United States Supreme Court had decided to re-examine Robbinsv. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744
(1981), the litigation which provided the cornerstone for our original decision in the instant case. United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) recently decided, was the litigation used to make the new legal pronouncement.
The facts in Robbins were strikingly similar to the facts in the case sub judice. In that case, the defendant was smoking marijuana when he was stopped by police officers. They found a large amount of marijuana in two packages wrapped in green opaque plastic located in the luggage compartment of the station wagon driven by the defendant. Although the California Court of Appeals held that the warrantless search was justified because "the contents of the package could have been inferred from the outward appearance, so that appellant could not have held a reasonable expectation of privacy with respect to the contents," the United States Supreme Court reversed on that point. In the instant case, police officers, while on routine patrol of a dirt road in a rural area, came upon a parked car in the middle of a branched road *Page 884 
leading to a seldom used airstrip. The lid of the trunk of the car was up and the officers saw two men fumbling around in the trunk. On examination of the car, the officers saw three green, apparently new, duffel bags which they thought contained marijuana because of the "brick" shaped imprints on the bag visible on the back seat.
Our Court of Criminal Appeals held that because of the recent purchase of the duffel bags and the fact that they ". . . werequite obviously stuffed with `brick' shaped objects, giving the indication of anything but personal effects," the duffel bags were not entitled to the protection of the 4th Amendment to the Constitution of the United States. Various illegal drugs were found inside the duffel bags. Following the precedent laid down in Robbins v. California (a case which had not been decided by the Supreme Court when the Alabama Court of Criminal Appeals rendered its decision), we reversed.
Seeking not to further confuse the law in this troubled area, we stayed our decision on rehearing awaiting the outcome of the Supreme Court's decision in Ross. Our trepidation was justified. Section V of the Court's opinion in Ross candidly admits "[o]ur decision today is inconsistent with the disposition in Robbins v. California and with the portion of the opinion in Arkansas v. Sanders on which the plurality inRobbins relied." (Emphasis added.)
The 4th Amendment proscribes all searches and seizures without the prior approval of a judge or magistrate, subject only to a few well defined exceptions which were pointed out in our previous opinion in this case. One of these exceptions was exigent circumstances coupled with probable cause. This exception was usually applied in automobile cases, because of the very transient nature of the automobile, but it did not allow search of objects contained in the automobile or vehicle where there was a reasonable expectation of privacy. As pointed out in our previous opinion, such searches could be obtained by a police officer's seizing the vehicle and then applying to a magistrate for a search warrant to examine the contents of a container[1] which was the subject of the privacy expectation.Ross has now changed this law.
We also believe the facts stated in the Court of Criminal Appeals' decision make out a case of probable cause to detain the defendants' vehicle. Now, under Ross, it has been held:
 [A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband. . . . These interests must yield to the authority of a search, however, which — in light of Carroll — does not itself require the prior approval of a magistrate. The scope of a warrantless search based on probable cause is no narrower — and no broader — than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572
(1982).
Under the facts in this case, a magistrate would have been justified in issuing a search warrant for the contents of the Vogels' vehicle. We, therefore, hold that the officers' search of the duffel bags offended no constitutional principle. As to the second issue on which we granted certiorari, the writ is quashed as improvidently granted.
Application for rehearing is granted; our prior opinion is withdrawn and this opinion is substituted; the prior judgment of this Court is vacated; the judgment below, 426 So.2d 863
(Ala.Cr.App. 1980), is due to be affirmed.
APPLICATION FOR REHEARING GRANTED; JUDGMENT OF SEPTEMBER *Page 885 
18, 1981, VACATED; OPINION OF SEPTEMBER 18, 1981, WITHDRAWN, NEW OPINION SUBSTITUTED; AND JUDGMENT OF THE COURT OF CRIMINAL APPEALS AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, JONES and EMBRY, JJ., concur specially.
[1] Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586,61 L.Ed.2d 235 (1979) and United States v. Chadwick, 433 U.S. 1,97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).