FAULKNER, Justice.
The petitioner, Geryl Watson Willis, was arrested and charged with possessing four types of controlled substances. The indictment contained four counts, each of which alleged possession of a different controlled substance at the same time and place. The defendant was ultimately sentenced to four consecutive fifteen-year sentences. Following denial of the defendant’s written request to be admitted to bail pending appeal, he petitioned the Court of Criminal Appeals for a writ of habeas corpus to set bail. The Court of Criminal Appeals denied the petition and the application for rehearing without issuing a written opinion. We granted the defendant’s petition for writ of certiorari to review the Court of Criminal Appeals’ refusal to grant the petition for writ of habeas corpus.
The case was submitted on the following stipulation of facts:
“The four alleged controlled substances referred to in the four counts of the indictment in this case were all found in one room at the Matador Inn on the day the Defendant was arrested. They were found in a search of the room by the Montgomery Police, who had been called to the scene. The Defendant was found in the room asleep or else passed out.”
The petitioner’s assignment of error centered around Vogel v. State, 426 So.2d 863 (Ala.Cr.App.1980), and § 12-22-170, Code of Alabama, 1975.
In Vogel, police officers who were patrolling an isolated dirt road near an abandoned air strip on which they had previously run across persons “hunting squirrel out of season,” “love making,” “drinking beer” and so forth found the two defendants standing near the open trunk of a parked automobile. After the defendants’ arrest for littering, a search of their automobile revealed “loose drugs” and “all kinds of paraphernalia” in the trunk and- three “Army type duffel bags” stuffed with marijuana in the back seat. Both defendants were indicted on fourteen counts of possession of various controlled substances and were found guilty with respect to eleven of the fourteen counts. Both defendants were sentenced separately as to each count; with some of the sentences to run concurrently and others to run consecutively. On appeal, the Court of Criminal Appeals ruled that the offense of possession of controlled substances is complete once the presence of the first controlled substance is proven and that the presence of other controlled substances at the same time cannot form the basis for multiple prosecution or sentences:
“It is thus our holding that where, as here, there is but a single point of control in time and place over several types of controlled substances, only a single offense has been committed, the offense of possession of controlled substances, and only one sentence is authorized. Pursuant to this reasoning, we find that, on these facts, the trial court erred in imposing multiple sentences on appellants.”
Vogel, supra, at 882. The State’s petition for certiorari was initially granted by this Court to consider whether the simultaneous possession of several types of drugs at the same time constitutes multiple offenses; that writ was subsequently quashed as improvidently granted. Vogel v. State, 426 So.2d 882, 886 (Ala.1982) (on second application for rehearing).
The petitioner based his contention that he is entitled to bail on § 12-22-170, Code of Alabama, 1975, which states:
“When any question of law is reserved in case of a felony and it shall be made known to the court that the defendant desires to take an appeal to the appropriate appellate court, judgment must be entered against the defendant, but execution thereof must be stayed pending the *329 appeal and the defendant held in custody. If the sentence is for a term not exceeding 20 years, the judge must direct the clerk of the court in which the conviction is had to admit the defendant to bail in a sum to be fixed by the judge, with sufficient surety, conditioned upon his appearance at the court, from time to time thereafter, as fixed by the court to abide such judgement as may be entered on the appeal. All proceedings for forfeiture of bail and arrest under this section shall be had and conducted as is otherwise provided in this Code for such proceedings.”
Petitioner’s argument, then, is as follows: The maximum sentence to which he could properly have been sentenced for possession of controlled substances, as that statute was interpreted in Vogel, was fifteen years. Therefore, since § 12-22-170 requires that a defendant whose case is pending on appeal be admitted to bail if his sentence does not exceed twenty years, the defendant is entitled to post a bond during the pendency of his appeal.
At the time the instant petition was filed, the State’s petition for writ of certiorari in Vogel was pending before this Court. The State’s arguments in opposition to the petition in the case sub judice were directed toward overruling the precedent established by the Court of Criminal Appeals in Vogel. Having declined to review the decision of the Court of Criminal Appeals regarding the propriety of multiple sentences in Vogel, we deem it inappropriate to examine the issue here.
Under the facts of the instant case the maximum sentence which should have been imposed was fifteen years. Therefore, the petitioner was, as a matter of law, entitled to be admitted to bail pending the appeal of his conviction pursuant to § 12-22-170.
The decision of the Court of Criminal Appeals denying the defendant’s petition for writ of habeas corpus is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.