UNITED STATES of America, Plaintiff,

v.

**Adolf MEYER, Defendant.**

No. 84–0663–JLI–Crim.

United States District Court,
S.D. California.

Jan. 10, 1985.

Joan P. Weber, Asst. U.S. Atty., San Diego, Cal., for plaintiff.

Edmundo Espinoza, San Diego, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

IRVING, District Judge.

Defendant's motion in limine to consolidate or strike counts from the indictment was heard in chambers on November 30, 1984, at 9:00 A.M. before the Honorable J. Lawrence Irving. Joan P. Weber appeared on behalf of the government; Edmundo Espinoza appeared on behalf of defendant Adolf Meyer.

Having considered the pleadings and the oral argument of counsel, the court issues the following memorandum decision.

## BACKGROUND

The court incorporates the factual statement of its memorandum decision and order in this case, filed November 30, 1984.

## DISCUSSION

MEYER argues that the indictment is multiplicitous. Since Counts One and Two were dismissed on November 30, 1984, by order of this court, 602 F.Supp. 1476, the indictment is now comprised of twenty-six counts, Counts Three through Twenty-eight. Counts Three through Fifteen charge MEYER with transportation of material involving the sexual exploitation of children in violation of 18 U.S.C. § 2252(a)(1). Each count relates to the transportation of one photograph contained in a binder that was seized from MEYER's vehicle at the San Ysidro Point of Entry on June 30, 1984. Counts Sixteen through Twenty-eight charge MEYER with importation of obscene merchandise in violation of 18 U.S.C. § 545. Each count relates to the importation of one photograph (also named in one of Counts Three through Twenty-eight) contained in the binder referred to above.

MEYER argues that the indictment improperly charges him with violation of the same statute several times even though there was but one alleged criminal act. The government argues that the indictment

is not multiplicitous because it satisfies the test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

The court feels that the issue is not really one of multiplicity but rather one of determining the correct unit of prosecution. *See Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1954) (labelling issue in similar case as one of allowable unit of prosecution); *United States v. Universal Corp.*, 344 U.S. 218, 224, 73 S.Ct. 227, 230, 97 L.Ed. 260 (1952) (*Blockburger* test not employed in unit of prosecution problem); *United States v. Wiga*, 662 F.2d 1325, 1336 (9th Cir.1981) *cert. denied* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982) (when issue is not one involving multiple convictions and sentences under two statutes proscribing essentially same conduct, the question presented involves determination as a matter of law of appropriate unit of prosecution).

MEYER likens his prosecution to that in *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1954) and argues that the rule of lenity established in *Bell* should be followed in this case. In *Bell*, the petitioner was indicted and pleaded guilty to two counts charging violation of the Mann Act. Bell had transported two women on the same trip, in the same vehicle and each count referred to one of the women transported in that trip. The Supreme Court found that the provisions in the statute defining the crime and fixing its punishment were ambiguous; the statute was unclear whether simultaneous transportation of more than one woman was liable to cumulative punishment under the Mann Act. The court established the following rule:

> ... if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes.

349 U.S. at 84, 75 S.Ct. at 622.

18 U.S.C. § 2252(a)(1) provides, in pertinent part:

> Any person who (1) knowingly transports or ships in interstate or foreign commerce or mails or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails any visual depiction, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct ... shall be punished as provided in subsection (b) of this section.

"Visual depiction" is defined in 18 U.S.C. § 2253 as "any film, photograph, negative, slide, book, magazine, or other visual or print medium."

18 U.S.C. § 545 provides, in pertinent part:

> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

The question of the appropriate unit of prosecution for 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 545 is one of first impression. Determination of the allowable unit of prosecution in this case requires interpretation of the phrases "any visual depiction," in 18 U.S.C. § 2252(a)(1); "any film, photograph, negative, slide, book, magazine, or other visual or print medium" in 18 U.S.C. § 2253; and "any merchandise" in 18 U.S.C. § 545. The court finds that the meaning of the phrases is not obvious from a reading of the statute. The legislative history also provides no guide to their meaning.

A most exacting analysis of a similar unit of prosecution problem was presented in *United States v. Corbin Farm Service*, 444 F.Supp. 510 (E.D.Cal.1978), *affirmed*, 578 F.2d 259 (9th Cir.1978) (the Ninth Circuit adopted the section of the district court opinion relating to unit of prosecution problem). In *Corbin*, the defendant was charged with ten counts of illegal application of a registered pesticide resulting in the death of ten water fowls, in violation of 16 U.S.C. § 703. The defendant argued

that the bird deaths resulted from one application of the pesticide and thus, only one count should be charged. The court dismissed nine of the ten counts because it "could not find that Congress had provided 'clearly and without ambiguity' for multiple counts in prosecutions under the ... (Act) in the circumstances of this case." 444 F.Supp. at 531. The statute prohibited the killing of "any migratory bird." The court found that while the statutory language made clear the fact that killing a single bird is sufficient to create criminal liability, the statute does not clearly indicate that killing more than one bird constitutes more than one criminal offense; standing alone, the language invited more than one interpretation.

The court finds that Congress has not provided clearly, and without ambiguity, for multiple counts in prosecutions under both 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 545.

This finding is consonant with *Corbin* and other Ninth Circuit decisions regarding the allowable unit of prosecution for other statutes. In this case, the court feels it is dispositive that the pictures were transported and imported simultaneously. In *United States v. Wiga,* 662 F.2d 1325 (9th Cir.1981), *cert. denied* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982), the court determined that the appropriate unit of prosecution under 18 U.S.C. § 1202 was one count when the criminal act was simultaneous possession of multiple firearms. Thus, this case is distinguishable from those cases in which the criminal acts listed in each count were not simultaneous. *See e.g. United States v. Williams,* 685 F.2d 319 (9th Cir.1982); *United States v. Gann,* 732 F.2d 714 (9th Cir.1984); *accord Ward v. United States,* 694 F.2d 654 (11th Cir. 1983).

Accordingly, the court orders the following:

1) Defendant's motion is granted and,

2) The government is ordered to elect one count out of Counts Three through Fifteen, and one other count out of Counts Sixteen through Twenty-eight. All other counts will be dismissed.

3) The government must notify the court and counsel for the defendant of its election by Tuesday, January 15, 1985.