We granted the petitioner's writ of certiorari in this case to determine whether a writ of mandamus should issue, requiring the Madison County Circuit Court to conduct an evidentiary hearing to determine whether the negotiation of a waiver of extradition to another state in exchange for the dismissal of charges set forth in a Madison County indictment barred the *Page 438 
subsequent prosecution of those charges. We hold that such an evidentiary hearing is warranted here, and we, therefore, reverse the judgment of the Court of Criminal Appeals,472 So.2d 437.
Petitioner Olson was indicted by the Madison County Grand Jury on the charge of presenting fraudulent documentation for the registration of a motor vehicle and receiving or concealing stolen property. He was arrested in West Germany and returned to Alabama for prosecution. According to Olson, the Madison County District Attorney's office offered to dismiss the charges filed against him, if Olson would waive extradition to the State of Texas, where he was wanted for auto theft. Petitioner Olson alleges that he waived such extradition in reliance on this offer.
After Olson had been detained six weeks in the Madison County jail, Texas authorities notified the Madison County District Attorney's office that Texas was no longer interested in prosecuting Olson. The Madison County District Attorney then commenced prosecution of Olson on the original Alabama charges, which had purportedly been dismissed because of the extradition deal.
Olson filed a "plea in abatement and motion to dismiss," asking the court to bar his prosecution and to uphold the terms of the extradition waiver agreement, and also to conduct an evidentiary hearing on the matter. The circuit court denied Olson's requests without taking evidence and set the case for trial.
Olson then filed a petition for a writ of mandamus with the Court of Criminal Appeals, asking that the trial court be directed to conduct an evidentiary hearing on the effect of the extradition agreement. The petition was denied, his application for rehearing was overruled, and we granted his petition for a writ of certiorari.
The issue in this case is whether the Court of Criminal Appeals erred in denying the petitioner's request for mandamus. This depends ultimately on whether an accused has a right under due process of law to an on-the-record evidentiary hearing concerning the allegations of a bar to prosecution.
In Ex parte Yarber, 437 So.2d 1330 (Ala. 1983), we held that a negotiated plea agreement cannot be repudiated with impunity, and that the enforcement of such an agreement can be compelled. Although the present case does not involve a plea negotiation, Olson allegedly negotiated an agreement to waive extradition. Certainly, the facts surrounding this alleged agreement were relevant in determining whether a prosecution should be commenced or barred. Due process and equal protection entitle Olson to a fair and impartial consideration of all the facts affecting his case.
This Court has held, further, that the burden is on the appealing party to insure that an adequate record is available for review on appeal. King v. Smith, 288 Ala. 215,259 So.2d 244 (1972). Facts not shown on the record cannot be reviewed on appeal. Lewis v. State, 426 So.2d 932 (Ala.Cr.App. 1982).
In this case Olson sought to protect the record on appeal by having an on-the-record evidentiary hearing on whether the extradition negotiations barred his prosecution. This is not an unreasonable request and such a hearing is certainly his constitutional right.
The Attorney General argues at length the facts surrounding the extradition negotiation, to the extent of attaching an affidavit to the state's brief. Petitioner objects to the introduction of such evidence at the appellate level. In view of our resolution of this case, however, we need not consider the affidavit attached to the Attorney General's brief. The state's reliance on such evidence underscores the importance of the factual circumstances surrounding the extradition negotiations.
Olson deserves an evidentiary hearing in regard to his motion to dismiss the prosecution. Such a hearing will preserve evidence for appeal if that proves necessary. The circumstances surrounding the extradition *Page 439 
negotiation will be on record in accord with Olson's rights as an accused.
For the above reasons, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded for an order granting a writ of mandamus, requiring the Circuit Court of Madison County to conduct the hearing.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
MADDOX, SHORES and BEATTY, JJ., dissent.