James Glen Harris pleaded guilty and was convicted of four counts of an indictment charging the possession of child pornography, in violation of Ala. Code 1975, § 13A-12-192(b). He received concurrent sentences of five years' imprisonment in each case.
On this appeal from those convictions, Harris argues that the trial court erred in denying his "motion to dismiss the indictment as being multiplicitous, or in the alternative, motion to compel an election by the State as to the count it intends to prosecute." The trial court denied this motionbefore Harris entered his guilty pleas. Harris waived this issue by pleading guilty.
The record on appeal contains only the minute entry of the circuit court with regard to the guilty pleas. There is no court reporter's transcript of the guilty plea proceedings. Here, as in Robinson v. State, 444 So.2d 884, 885 (Ala. 1983), "[a] reviewing court cannot predicate error on matters not shown by the record. . . . Indeed, a silent record supports a judgment." (Citations omitted.) "A guilty plea, if entered *Page 10 
voluntarily and with understanding of the consequences, waives all non-jurisdictional defects." Ex parte Horton,456 So.2d 1120, 1122 (Ala. 1984).
 "A plea of guilty, if voluntarily and understandingly made, is conclusive as to the guilt of the defendant, admits all facts charged, and waives all non-jurisdictional defects and questions in the prior proceedings against the defendant. . . . While a plea of guilty purges the record of error . . . the plea is only an admission of record of the truth of whatever is sufficiently charged in the indictment, and does not prevent a defendant from taking advantage of error or defects apparent of record. . . ." Camp v. State, 359 So.2d 1187, 1188-89
(Ala.Cr.App. 1978).
Harris contends that his motion should have been granted on the grounds that his convictions violate principles of former jeopardy. Harris was charged in a four-count indictment with four separate violations of § 13A-12-192(b). Count one alleged the possession of a pornographic magazine. Counts two, three, and four each involved the possession of a different video cassette tape. Harris contends that he should have been convicted and sentenced for only one offense, because the magazine and cassette tapes were seized from his residence on the same occasion. We recognize that this argument may have considerable merit. See United States v. Meyer, 602 F. Supp. 1480,1480-81 (S.D.Cal. 1985) (the appropriate unit of prosecution for offenses of transportation of material involving sexual exploitation of children and importation of obscene material, arising from defendant's transporting several photographs in one binder, was one count for each offense, rather than one count for each photograph for each offense);Braunstein v. Frawley, 64 A.D.2d 772, 407 N.Y.S.2d 250, 253
(1978) ("[t]he promotion or possession of more than one item at the same time and on the same date constitutes one crime, and cannot be split into as many crimes as there are items"); Statev. Smith, 323 N.C. 439, 373 S.E.2d 435, 438 (1988) ("[o]ther courts have similarly held that a single transaction involving obscene materials constitutes but one offense"). See alsoUnited States v. Kinsley, 518 F.2d 665 (8th Cir. 1975) (possession of firearms); Vogel v. State, 426 So.2d 863, 878-82
(Ala.Cr.App. 1980), affirmed, 426 So.2d 882 (Ala. 1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983) (possession of drugs); Owens, Alabama's Minority Status: ASingle Criminal Act Injuring Multiple Persons Constitutes Onlya Single Offense, 16 Cum.L.Rev. 85, 105-06 (1985) (discussed in McKinney v. State, 511 So.2d 220 (Ala. 1987)). However, this issue has not been preserved for review.
Harris did file a motion for new trial. Of the seven grounds of that motion, only two could possibly relate to the present issue:
 "1. The judgment and sentence of the Court are contrary to law.
". . . .
 "7. The Court erred in overruling the Motion to Dismiss the Indictment as being Multiplicitous or, in the Alternative, Motion to Compel an Election by the State as to the Count it intends to prosecute filed by the defendant in this cause."
Harris did not challenge the voluntariness of his guilty plea by any ground of his motion for new trial.
While a trial court may grant a new trial "[f]or the reason that the verdict is contrary to law," Rule 13(a)(3)(i), A.R.Cr.P. Temp., that particular ground of objection is general and does not inform the trial court of the reason the verdict is contrary to law. An objection should state a specific basis in order to allow the trial court to make an informed decision on the particular point of law. Ex parteWeaver, 530 So.2d 258, 259 (Ala. 1988). On appeal, Harris admits that his motion for new trial was "perfunctory." Appellant's reply brief at 2.
Ground 7 of the motion for new trial reasserted the same objection which Harris had raised and the trial court had overruled before Harris entered his guilty pleas. Therefore, by pleading guilty, Harris waived this ground. "The fact that a defendant has been in former jeopardy cannot *Page 11 
be raised for the first time on appeal." Cox v. State,462 So.2d 1047, 1051 (Ala.Cr.App. 1985).
"It is axiomatic, however, that a party seeking reversal on appeal must not only argue a valid ground of reversible error committed below, but must also have preserved that error for review by proper procedural mechanisms." Ex parte O'Leary,417 So.2d 232, 240 (Ala. 1982), cert. denied, 463 U.S. 1206,103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983). See also Biddie v. State,516 So.2d 846, 847 (Ala. 1987) (failure to object to erroneous portion of court's oral charge precludes review); Ex parteYeung, 489 So.2d 1106, 1110 (Ala. 1986) (failure of defendant to object to trial court's setting aside original sentence and resentencing defendant to more severe sentence precluded consideration of issue on appeal); Willis v. State,500 So.2d 1324 (Ala.Cr.App. 1986) (voluntariness of guilty plea must be presented to trial court).
This court may not consider the facts stated in Harris's appellate brief which are not supported by the record. "An appellate court generally cannot consider any matter outside of the record." Ex parte Beck, 485 So.2d 1207, 1210 (Ala. 1985). "Facts not shown on the record cannot be reviewed on appeal."Ex parte Olson, 472 So.2d 437, 438 (Ala. 1985).
In Ex parte Brannon, 547 So.2d 68, 68 (Ala. 1989), the Alabama Supreme Court held that "when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review." Here, the sentences Harris received are authorized by statute and are not "clearly illegal." They may become illegal only when viewed in light of additional information which is outside the record before this court. We do not consider the holding of Brannon applicable where the defendant's argument is that he should not have been convicted in the first place. Such an interpretation would have the effect of substantially adopting the plain error rule in non-capital cases, a concept rejected by our Supreme Court inBiddie, 516 So.2d at 847.
Although Harris also alleges that his counsel was ineffective for failing to preserve this issue for appeal, "the now settled rule [is] that claims of ineffective assistance of counsel may not be considered for the first time on direct appeal." Jackson v. State, 534 So.2d 689, 692
(Ala.Cr.App. 1988).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.