On May 23, 2001, David A. Girard was indicted for 26 counts of possessing obscene matter and one count of contributing to the delinquency of a minor,[1] violations of §§ 13A-12-192(b) and 12-15-13, Ala. Code 1975. Girard's trial began on October 10, 2001.
After the State had presented its case-in-chief, the trial court granted Girard's motion for a judgment of acquittal on counts 2 through 6, 14, and 17 through 26, leaving pending 10 counts of possession of obscene matter. On October 11, 2001, the jury found Girard guilty of all 10 counts.
On November 14, 2001, the trial court sentenced Girard, on each count, to 10 years in prison, but split the sentence and ordered Girard to serve 3 years in prison followed by 5 years on probation. The trial court ordered that Girard's sentences were to run concurrently.
The facts adduced at trial indicate that a search of Girard's home, including his personal computer, yielded numerous downloaded *Page 715 
images and videos of underage boys. The images were found on a disc in Girard's computer and on the hard drive on his computer. The files dated from April 3, 1998, and were, for the most part, downloaded on different days. Some files contained multiple images.
Girard advances only one argument on appeal. He argues that the trial court erred to reversal when it denied his motion to strike counts 2 through 26 as extraneous. The State argues only that this argument is not preserved for appellate review. Although Girard's motion may have been untimely, the State's argument nonetheless is not well taken.
Initially, we note that Girard's argument implicates the constitutional guarantee against being subjected to double jeopardy. See Powell v. State, 854 So.2d 1206 (Ala.Crim.App. 2002) (quoting Lorance v. State, 770 So.2d 644 (Ala.Crim.App. 1999)). Therefore, we would review this argument even if it had not been preserved for appellate review.
Additionally, "[n]o issue concerning a defect in the charges shall be raised other than by a motion filed in accordance with Rule 15." Rule 13.5(b), Ala. R.Crim. P. "Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pretrial motion as provided in Rule 15.3." Rule 15.2(a), Ala. R.Crim. P. "A motion under Rule 15.2 must be made[i]n circuit court, at or before arraignment or by such later date as may be set by the court." Rule 15.3(a)(1), Ala. R.Crim. P.
Girard was arraigned and entered a plea of not guilty on June 22, 2001. On October 10, 2001, the day the trial was to begin, Girard filed a motion to strike counts 2 through 26 as duplicitous, alleging that the charges were cumulative and excessive. (C. 37.) On that same day, the trial court held a pretrial hearing on the motion. The State argued the merits of the motion; it did not argue that the motion to strike was untimely.
Because the trial court ruled on the merits and the State did not object to the untimeliness of the motion, this Court cannot procedurally bar this issue from appellate review. SeeRutherford v. State, 612 So.2d 1277 (Ala.Crim.App. 1992);Atwell v. State, 594 So.2d 202 (Ala.Crim.App. 1991). See alsoEx parte Williams, 571 So.2d 987 (Ala. 1990). Therefore, we address the merits of Girard's argument that all but one of the charges for possession of obscene material should have been dismissed.
The statute under which Girard was indicted for 26 violations reads, in pertinent part, as follows:
 "Any person who knowingly possesses any obscene matter containing a visual reproduction of a person under the age of 17 years engaged in any act of sadomasochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct shall be guilty of a Class C felony."
§ 13A-12-192(b), Ala. Code 1975.
This is not a case where the same act or transaction constitutes a violation of two distinct statutory provisions.See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306 (1932). Rather, this is a case where Girard's conduct has yielded an indictment in which the possession of each file of obscene material has been charged as a separate crime under the same statute. The pertinent inquiry in deciding whether this is acceptable in the face of constitutional guarantees against double jeopardy then becomes defining the correct unit of prosecution. Bell v. United States, 349 U.S. 81, 75 S.Ct. 620,99 L.Ed. 905 (1955). *Page 716 
 "`A single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense. Const. of 1901, Art. I, § 9; U.S. Const. Amend. V.' Ex parte Darby, 516 So.2d 786, 787 (Ala. 1987). Such question of double jeopardy is determined by the following principles:
 "`It has been aptly noted that "the Blockburger
[v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932),] test is insufficient where . . . the concern is not multiple charges under separate statutes, but rather successive prosecutions for conduct that may constitute the same act or transaction." Rashad v. Burt, 108 F.3d 677 (6th Cir. 1997). This is because when "a defendant is convicted for violating one statute multiple times, the same evidence test will never be satisfied." State v. Adel, 136 Wash.2d 629, 965 P.2d 1072
(1998). The "appropriate inquiry" in such a case "asks what `unit of prosecution' was intended by the Legislature as the punishable act. . . . The inquiry requires us to look to the language and purpose of the statutes, to see whether they speak directly to the issue of the appropriate unit of prosecution, and if they do not, to ascertain that unit, keeping in mind that any ambiguity that arises in the process must be resolved, under the rule of lenity, in the defendant's favor." Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000) (concluding that allegedly multiple drug possessions justify multiple charges if the possessions are sufficiently differentiated by time, place or intended purpose, the case here regarding defendant's possession of drugs at his residence for immediate sale and his possession of drugs at motel for future sales).'
 "4 Wayne R. LaFave et al., Criminal Procedure § 17.4(b), 2001 Pocket Part n. 66 (2d ed. 1999). See also Project, `Twenty-Ninth Annual Review of Criminal Procedure,' 88 Geo. L.J. 879, 1293 (2000) (`when the government seeks to prove that a single act or occurrence results in multiple violations of the same statute, the rule of lenity requires only one punishment unless legislative intent to impose multiple punishments is shown')."
Townsend v. State, 823 So.2d 717, 722 (Ala.Crim.App. 2001) (footnote omitted).
The Court of Criminal Appeals has addressed Girard's argument regarding multiple prosecutions one time and then only in dicta. In Harris v. State, 563 So.2d 9 (Ala.Crim.App. 1989), the defendant was indicted for four counts of possession of obscene material, violations of § 13A-12-192(b), Ala. Code 1975. Harris filed a "`motion to dismiss the indictment as being multiplicitous, or in the alternative, motion to compel an election by the State as to the count it intends to prosecute.'" 563 So.2d at 9. The trial court denied the motion, and Harris subsequently pleaded guilty and received concurrent sentences of five years in prison. The Court of Criminal Appeals held that Harris had waived this argument by pleading guilty subsequent to the denial of his motion, but continued:
 "Harris was charged in a four-count indictment with four separate violations of § 13A-12-192(b). Count one alleged the possession of a pornographic magazine. Counts two, three, and four each involved the possession of a different video cassette tape. Harris contends that he should have been convicted and sentenced for only one offense, because the magazine and cassette tapes were seized from his residence on the same occasion. We recognize that this argument *Page 717 
may have considerable merit. See United States v. Meyer, 602 F.Supp. 1480, 1480-81 (S.D.Cal. 1985) (the appropriate unit of prosecution for offenses of transportation of material involving sexual exploitation of children and importation of obscene material, arising from defendant's transporting several photographs in one binder, was one count for each offense, rather than one count for each photograph for each offense); Braunstein v. Frawley, 64 A.D.2d 772, 407 N.Y.S.2d 250, 253 (1978) (`[t]he promotion or possession of more than one item at the same time and on the same date constitutes one crime, and cannot be split into as many crimes as there are items'); State v. Smith, 323 N.C. 439, 373 S.E.2d 435, 438 (1988) (`[o]ther courts have similarly held that a single transaction involving obscene materials constitutes but one offense'). See also United States v. Kinsley, 518 F.2d 665 (8th Cir. 1975) (possession of firearms); Vogel v. State, 426 So.2d 863, 878-82 (Ala.Cr.App. 1980), affirmed, 426 So.2d 882 (Ala. 1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983) (possession of drugs); Owens, Alabama's Minority Status: A Single Criminal Act Injuring Multiple Persons Constitutes Only a Single Offense, 16 Cum. L.Rev. 85, 105-06 (1985) (discussed in McKinney v. State, 511 So.2d 220 (Ala. 1987)). However, this issue has not been preserved for review."
563 So.2d at 10.
The act rendered illegal by the statute — the possession of any obscene matter,[2] even if the possession is of multiple pieces of obscene matter — is simultaneous and inseparable, more like the simultaneous, single act of transportation or importation of multiple pieces of obscene matter, seeUnited States v. Meyer, 602 F.Supp. 1480 (S.D.Cal. 1985), than the separate transactions involved in the distribution of multiple pieces of obscene matter, see King v. State, 674 So.2d 1381
(Ala.Crim.App. 1995). Thus the unit of prosecution is the simultaneous possession of a collection of obscene material; in this case, there was but one possession.
For these reasons, the judgment of the trial court is reversed, and this cause is remanded for the trial court to vacate all but one of the convictions and sentences against Girard. Due return shall be made to this Court within 42 days of the release of this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur. BASCHAB, J., recuses herself.
[1] After the State's opening statement, the trial court transferred the charge of contributing to the delinquency of a minor to the Baldwin Juvenile Court. That charge is not before us on this appeal.
[2] The trial court, rather than let the indictments stand as pertaining to each piece of obscene matter, decided that the correct unit of prosecution was each individual computer file, even though each file may have contained multiple images, presumedly because each file was created, downloaded, or received via e-mail on a separate day. However, the statute does not proscribe the act of downloading obscene material or the act of receiving obscene material or the act of creating files of obscene material. The statute proscribes the act of possessing
any obscene material.