David A. Girard was indicted on May 23, 2001, for 26 counts of possessing obscene matter, violations of § 13A-12-192(b), Ala. Code 1975, and one count of contributing to the delinquency of a minor, a violation of § 12-15-13, Ala. Code 1975.[1]
Girard's trial began on October 10, 2001. After the State had presented its case-in-chief, the trial court granted Girard's motion for a judgment of acquittal on counts 2 through 6, 14, and 17 through 26, leaving pending 10 counts of possession of obscene matter. On October 11, 2001, the jury found Girard guilty of all 10 counts. On November 14, 2001, the trial court sentenced Girard to 10 years in prison on each count, but "split" the sentence and ordered Girard to serve 3 years in prison followed by 5 years on probation. The trial court ordered that Girard's sentences were to run concurrently.
Girard appealed to the Court of Criminal Appeals. That court reversed the judgment of the trial court and remanded the cause for the trial court to vacate all but one of the convictions and sentences. Girard v. State, 883 So.2d 714 (Ala.Crim.App. 2002). The State filed an application for a rehearing on December 6, 2002, and the Court of Criminal Appeals denied rehearing on February 14, 2003. The State then petitioned this Court for a writ of certiorari to the Court of Criminal Appeals. We granted the State's petition to address what constitutes a "unit of prosecution" under Ala. Code 1975, § 13A-12-192(b), the statute barring the possession of "any obscene matter containing a visual reproduction of a person under the age of 17 years," an issue we have not previously specifically addressed. *Page 719 
The interpretation of a statute involves a question of law and an appellate court reviews a trial court's interpretation de novo, without any presumption of correctness. Simcala, Inc. v.American Coal Trade, Inc., 821 So.2d 197 (Ala. 2001). "`[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo.' Ex parteGraham, 702 So.2d 1215, 1221 (Ala. 1997)." Rogers Found.Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala. 1999).
The Court of Criminal Appeals set out the following summary of the pertinent facts:
 "The facts adduced at trial indicate that a search of Girard's home, including his personal computer, yielded numerous downloaded images and videos of underage boys. The images were found on a disc in Girard's computer and on the hard drive on his computer. The files dated from April 3, 1998, and were, for the most part, downloaded on different days. Some files contained multiple images."
883 So.2d at 714-15.
The record reveals that Girard met a young male ("C.L.") in an Internet chat room in May 2000. C.L., who was 18 years old at the time of the trial in May 2002, testified that "a couple of times" Girard sent him "pictures of nude kids." C.L. testified that he subsequently visited Girard and that he "brought discs that contained pictures of what [Girard] had sent to me." Soon after C.L. left his home to visit Girard, his parents filed a missing person's report, and Brian Middleton, a police investigator, testified that the report stated "that [C.L.] was possibly with Mr. Girard." C.L. testified that after he learned that his parents had filed a missing person's report, he went to the police station because he "wanted to clear up the missing person's report." Middleton testified that while C.L. was at the police station, he "indicated to me that he was in possession of the disc that he admitted to be child pornography." Middleton stated that C.L. did not have the discs with him at the police station, rather "[t]hey were in Mr. Girard's possession." Thereafter, Middleton obtained a warrant to search Girard's house.
In its order reversing the judgment of the trial court, the Court of Criminal Appeals stated, in relevant part:
 "Girard advances only one argument on appeal. He argues that the trial court erred to reversal when it denied his motion to strike counts 2 through 26 as extraneous.
". . . .
 "The statute under which Girard was indicted for 26 violations reads, in pertinent part, as follows:
 "`Any person who knowingly possesses any obscene matter containing a visual reproduction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct shall be guilty of a Class C felony.'
"§ 13A-12-192(b), Ala. Code 1975.
 "This is not a case where the same act or transaction constitutes a violation of two distinct statutory provisions. See Blockburger v. United States, 284 U.S. 299[, 52 S.Ct. 180, 76 L.Ed. 306] (1932). Rather, this is a case where Girard's conduct has yielded an indictment in which the possession of each file of obscene material has been charged as a separate crime under the same statute. The pertinent inquiry in deciding whether this is acceptable in the face of constitutional guarantees against double jeopardy then becomes defining the correct *Page 720 
unit of prosecution. Bell v. United States, 349 U.S. 81[, 75 S.Ct. 620, 99 L.Ed. 905] (1955).
 "`"A single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense. Const. of 1901, Art. I, § 9; U.S. Const. Amend. V." Ex parte Darby, 516 So.2d 786, 787 (Ala. 1987). Such question of double jeopardy is determined by the following principles:
 "`"It has been aptly noted that `the Blockburger [v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932),] test is insufficient where . . . the concern is not multiple charges under separate statutes, but rather successive prosecutions for conduct that may constitute the same act or transaction.' Rashad v. Burt, 108 F.3d 677 (6th Cir. 1997). This is because when `a defendant is convicted for violating one statute multiple times, the same evidence test will never be satisfied.' State v. Adel, 136 Wash.2d 629, 965 P.2d 1072
(1998). The `appropriate inquiry' in such a case `asks what `unit of prosecution' was intended by the Legislature as the punishable act. . . . The inquiry requires us to look to the language and purpose of the statutes, to see whether they speak directly to the issue of the appropriate unit of prosecution, and if they do not, to ascertain that unit, keeping in mind that any ambiguity that arises in the process must be resolved, under the rule of lenity, in the defendant's favor.' Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000) (concluding that allegedly multiple drug possessions justify multiple charges if the possessions are sufficiently differentiated by time, place or intended purpose, the case here regarding defendant's possession of drugs at his residence for immediate sale and his possession of drugs at motel for future sales)."
 "`4 Wayne R. LaFave et al., Criminal Procedure § 17.4(b), 2001 Pocket Part n. 66 (2d ed. 1999). See also Project, "Twenty-Ninth Annual Review of Criminal Procedure," 88 Geo. L.J. 879, 1293 (2000) ("when the government seeks to prove that a single act or occurrence results in multiple violations of the same statute, the rule of lenity requires only one punishment unless legislative intent to impose multiple punishments is shown").'
 "Townsend v. State, 823 So.2d 717, 722
(Ala.Crim.App. 2001) (footnote omitted).
 "The Court of Criminal Appeals has addressed Girard's argument regarding multiple prosecutions one time and then only in dicta. In Harris v. State, 563 So.2d 9
(Ala.Crim.App. 1989), the defendant was indicted for four counts of possession of obscene material, violations of § 13A-12-192(b), Ala. Code 1975. Harris filed a `motion to dismiss the indictment as being multiplicitous, or in the alternative, motion to compel an election by the State as to the count it intends to prosecute.' 563 So.2d at 9. The trial court denied the motion, and Harris subsequently pleaded guilty and received concurrent sentences of five years in prison. The Court of Criminal Appeals held that Harris had waived this argument by pleading guilty subsequent to the denial of his motion, but continued:
 "`Harris was charged in a four-count indictment with four separate violations of § 13A-12-192(b). Count one alleged the possession of a pornographic magazine. Counts two, three, and four each involved the possession of a different video cassette tape. *Page 721 
Harris contends that he should have been convicted and sentenced for only one offense, because the magazine and cassette tapes were seized from his residence on the same occasion. We recognize that this argument may have considerable merit. See United States v. Meyer, 602 F.Supp. 1480, 1480-81
(S.D.Cal. 1985) (the appropriate unit of prosecution for offenses of transportation of material involving sexual exploitation of children and importation of obscene material, arising from defendant's transporting several photographs in one binder, was one count for each offense, rather than one count for each photograph for each offense); Braunstein v. Frawley, 64 A.D.2d 772, 407 N.Y.S.2d 250, 253 (1978) ("[t]he promotion or possession of more than one item at the same time and on the same date constitutes one crime, and cannot be split into as many crimes as there are items"); State v. Smith, 323 N.C. 439, 373 S.E.2d 435, 438 (1988) ("[o]ther courts have similarly held that a single transaction involving obscene materials constitutes but one offense"). See also United States v. Kinsley, 518 F.2d 665 (8th Cir. 1975) (possession of firearms); Vogel v. State, 426 So.2d 863, 878-82 (Ala.Cr.App. 1980), affirmed, 426 So.2d 882 (Ala. 1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983) (possession of drugs); Owens, Alabama's Minority Status: A Single Criminal Act Injuring Multiple Persons Constitutes Only a Single Offense, 16 Cum. L.Rev. 85, 105-06 (1985) (discussed in McKinney v. State, 511 So.2d 220 (Ala. 1987)). However, this issue has not been preserved for review.'
"563 So.2d at 10.
 "The act rendered illegal by the statute — the possession of any obscene matter,² even if the possession is of multiple pieces of obscene matter — is simultaneous and inseparable, more like the simultaneous, single act of transportation or importation of multiple pieces of obscene matter, see United States v. Meyer, 602 F.Supp. 1480
(S.D.Cal. 1985), than the separate transactions involved in the distribution of multiple pieces of obscene matter, see King v. State, 674 So.2d 1381
(Ala.Crim.App. 1995). Thus the unit of prosecution is the simultaneous possession of a collection of obscene material; in this case, there was but one possession.
 ² The trial court, rather than let the indictments stand as pertaining to each piece of obscene matter, decided that the correct unit of prosecution was each individual computer file, even though each file may have contained multiple images, presumedly because each file was created, downloaded, or received via e-mail on a separate day. However, the statute does not proscribe the act of downloading obscene material or the act of receiving obscene material or the act of creating files of obscene material. The statute proscribes the act of possessing any obscene material."
883 So.2d at 715-17.
In its brief filed in support of its petition for the writ of certiorari, the State argues that "[t]he plain language of Alabama's statute prohibiting the possession of child pornography indicates that the unit of prosecution is each obscene image possessed by the defendant." The State explains in its brief:
 "[T]he Alabama Legislature has in plain language prohibited possession of obscene `matter' depicting children under 17 in sexual poses. The Legislature has defined `matter' in units that vary in scope from a single image (a `picture' or `photograph') to a collection of images in a single storage medium (a `book' or `magazine'). The statute also defines an *Page 722 
`electrical or electronic reproduction' in the singular as `matter' whose possession is wrongful. The statute does not identify any computer storage devices that might contain multiple images, such as a CD-ROM or a hard disk drive, as `matter.'
 "The Court of Criminal Appeals' ruling that Girard's entire computer collection of child pornography should be treated as a single unit thus flies in the face of the plain language of the statute. The closest analogy in the statute to the `matter' that Girard possessed is an `electronic reproduction' in the singular. Indeed, the Court of Criminal Appeals has already held that an `electrical or electronic reproduction' includes a computer-based image. Rutledge v. State, 745 So.2d 912, 917
(Ala.Crim.App. 1999). The most natural reading of the statute, therefore, is that the State was entitled to prosecute Girard for each computer-based image of child pornography that he possessed, whether stored on one or multiple media."
The State cites King v. State, 674 So.2d 1381 (Ala.Crim.App. 1995), in support of its argument. In King, the Court of Criminal Appeals held that § 13A-12-200.2(1), Ala. Code 1975, part of the Alabama Anti-Obscenity Enforcement Act, authorizes the prosecution of each distributed item that qualifies as obscene material pursuant to the statute. The court explained that "[e]very item listed" in the statute's definition of "material" "is singular" and that "[i]f the legislature intended for violations based on transactions instead of individual items distributed, it could have indicated that each item . . . could also be plural." 674 So.2d at 1383. The State argues in its brief that "[t]he court based its holding on its interpretation of the term `material' in Ala. Code [1975,] § 13A-12-200.1(2),[2]
which is analogous to the term `matter' in the child pornography statute in Ala. Code [1975,] § 13A-12-190(12)." Section13A-12-190(12) defines "matter" as:
 "Any book, magazine, newspaper, or other printed material, or any picture, photograph, motion picture or electrical or electronic reproduction, or any other articles or materials that either are or contain a photographic or other visual reproduction of a live act, performance, or event."
As opposed to the definition of material found at §13A-12-200.1(15), Ala. Code 1975,[3] and discussed inKing, supra, the definition of matter at § 13A-12-190(12), Ala. Code 1975, does include the plural of some terms. Also the statute at issue in this petition, § 13A-12-192, criminalizes thepossession of obscene matter, while the statute at issue inKing, § 13A-12-200.2, criminalized the distribution of obscene material.
Further, other statutes that address the crime of possession criminalize the act of possession, regardless of how many items the offender actually possessed. For example, § 13A-7-8, Ala. Code 1975, provides:
 "(a) A person commits the crime of possession of burglar's tools if he: *Page 723 
 "(1) Possesses any explosive, tool, instrument or other article adapted, designed or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or theft by a physical taking; and
 "(2) Intends to use the thing possessed in the commission of an offense of the nature described in subdivision (a)(1) of this section."
(Emphasis supplied.) Section 13A-7-44, Ala. Code 1975, addresses the criminal possession of explosives and provides:
 "(a) A person commits the crime of criminal possession of explosives if he possesses, manufactures, buys, sells or transports any
explosive, and intends that the explosive be used in the commission of a crime involving violence to another person or destruction of another's property."
(Emphasis supplied.) Similarly, § 13A-7-28, Ala. Code 1975, addresses the criminal possession of noxious substances and states:
 "(a) A person commits the crime of criminal possession of noxious substances if he possesses, manufactures or transports any stink bomb or device, irritant, offensive-smelling or injurious substance, and intends that the injurious article or substance be used in the commission of any crime."
(Emphasis supplied.)
These statutes use language similar to that of § 13A-12-192(b), Ala. Code 1975, which provides:
 "(b) Any person who knowingly possesses any obscene matter containing a visual reproduction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct shall be guilty of a Class C felony."
(Emphasis supplied.)
Correspondingly, in McKinney v. State, 511 So.2d 220, 224
(Ala. 1987), this Court explained that "legislative intent to allow multiple prosecutions for a single act that injures more than one person is determined by the `description of the unit of prosecution within the substantive criminal law statutes.'" (Quoting R. Owens, Alabama's Minority Status: A Single CriminalAct Injuring Multiple Persons Constitutes Only a Single Offense, 16 Cum.L.Rev. 85, 104 (1985-86).) This Court then quoted the following from Owens:
 "`How, then, should the unit of prosecution be described so that an intent to allow multiple convictions is clear and unequivocal? Instead of using the word "any" to describe the unit of prosecution, the singular words "a" or "another" should be used. An examination, then, should be made of the Alabama Criminal Code to see how the unit of prosecution is described. This examination will disclose whether the code allows multiple convictions.
 "`A review of the criminal code discloses that there are basically four categories into which the statutes can be divided. . . . The second category contains statutes in which the unit of prosecution is described with the word "any"; based on the above mode of statutory construction, only one conviction should be allowed.'"
511 So.2d at 224-25 (quoting Owens, 16 Cum.L.Rev. at 105-06).
Accordingly, we conclude that proper unit of prosecution for the offense of possession of obscene matter under §13A-12-192(b), Ala. Code 1975, is the possession of the obscene matter, regardless of how many items are actually possessed. *Page 724 
Therefore, the Court of Criminal Appeals correctly reversed the judgment of the trial court and remanded the cause for the trial court to vacate all but one of the convictions and sentences. Accordingly, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.
[1] The trial court transferred the charge of contributing to the delinquency of a minor to the Baldwin Juvenile Court after the State's opening statement. That charge was not considered further in the proceedings that gave rise to this petition.
[2] That definition now appears at § 13A-12-200.1(15), Ala. Code 1975.
[3] Section 13A-12-200.1(15), Ala. Code 1975, defines "material" as:
 "Any book, magazine, newspaper, printed or written matter, writing, description, picture, drawing, animation, photograph, motion picture, film, video tape, pictorial representation, depiction, image, electrical or electronic reproduction, broadcast, transmission, telephone communication, sound recording, article, device, equipment, matter, oral communication, live performance, or dance."