Melvyn Cook was indicted for the offense of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found him guilty of the offense as charged in the indictment, and he was sentenced, pursuant to the deadly weapon enhancement statute, to 20 years' imprisonment. Two issues are raised on appeal.
 I
Cook contends that the trial court erred by enhancing his sentence pursuant to § 13A-5-6(a)(4), Code of Alabama 1975, because the steak knife used in committing the robbery was not a deadly weapon by definition or by use.
Section 13A-5-6(a)(4) provides for an enhanced sentence of not less than 20 years' imprisonment "[f]or a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony. . . ."
Section 13A-1-2(11), Code of Alabama 1975, defines a deadly weapon as follows:
 "(11) DEADLY WEAPON. A firearm or anything manifestly designed, made or adapted for the purposes of inflicting death or serious physical injury, and such term includes, but is not limited to, a pistol, rifle or shotgun; or a switch-blade knife, gravity knife, stiletto, sword or dagger; or any billy, black-jack, bludgeon or metal knuckles."
In Thatch v. State, 432 So.2d 8 (Ala.Cr.App. 1983), this court held that the types of knives listed in the definition of a deadly weapon are not inclusive and that "any knife, as used to cut or stab a person, is 'highly capable of causing death or serious physical injury' and is therefore within the definition of a dangerous weapon." 432 So.2d at 9. The use of the knife is also a determining factor under this enhancement statute.Helton v. State, 372 So.2d 390 (Ala.Cr.App. 1979).
In the case sub judice, Cook was armed with a steak knife, which, though not specifically designed for "the purposes of inflicting death or serious physical injury," is clearly capable of inflicting such injury if adapted for that purpose. The cashier at the convenience store testified that Cook carried the knife with the handle in his hand and the blade partially up his sleeve when Cook demanded that the cashier give Cook all the money in the store's cash register. The cashier further testified that Cook used the knife to put the cashier in fear of his life or serious injury to attempt to effectuate the robbery, because each time the cashier moved toward the cash drawer, Cook made a move with his arm, and the cashier was in fear that he might be stabbed or killed.
It is clear under the facts of this case that the steak knife, as used by Cook in committing this offense, was a deadly weapon within the purview of §§ 13A-5-6(a)(4) and 13A-1-2(11). The trial court therefore properly invoked the provisions of the enhancement statute.
 II
Cook contends that the trial court committed error by denying his motion for judgment of acquittal because the State failed to establish 1) that Cook intended to rob the store, 2) that Cook actually used force in committing the robbery, and 3) that Cook carried away any property during the robbery.
To prove the offense of robbery in the first degree as codified at § 13A-8-41, Code of Alabama 1975, the State must show that Cook violated § 13A-8-43, Code of Alabama 1975, while armed with a deadly weapon or dangerous instrument. To prove a violation of § 13A-8-43, the State must prove that Cook either used force or threatened "the imminent use of force against the person of the owner or any person present with the intent to compel acquiescence to the taking of or escaping with the property" during the course of committing a theft.
Section 13A-8-41 does not require that actual force be used to commit the theft; evidence of threatened or imminent *Page 594 
force is sufficient. The proper inquiry is how the victim reacted to and perceived the threat. Kent v. State,504 So.2d 373 (Ala.Cr.App. 1987). The statutory robbery provisions likewise do not require proof of an actual taking of property to support a conviction. Breedlove v. State, 482 So.2d 1277
(Ala.Cr.App. 1985).
The State clearly made out a prima facie case of first degree robbery. Although Cook testified that he did not intend to rob the convenience store, the cashier's testimony that Cook told the cashier to "give me all your damn money" and that Cook had the steak knife in his hand and partially up his sleeve during the robbery provides sufficient evidence of Cook's intent to commit a robbery. The cashier's testimony that he was in fear that he might be stabbed and killed by the knife hidden under Cook's coat provides sufficient evidence that Cook used threats or imminent force in committing the robbery. The trial court properly denied Cook's motion for judgment of acquittal.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.