The appellant, Melvin Joseph Stallworth, was convicted of theft of property in the first degree and was sentenced to life imprisonment, pursuant to the Habitual Felony Offender Act.
 I
The appellant argues that the trial court erred in allowing into evidence testimony concerning a witness's identification of him from a police photographic array, because, he says, it was prejudicial and implied that he had a criminal history.
The record indicates that, during the cross-examination of the identifying witness, the appellant called into question the witness's ability to clearly identify the appellant. Thereafter, at the close of his questioning, defense counsel asked the witness when after the offense did he next observe either individual who was present at the scene of the offense, and the witness responded, "[t]hree days." Defense counsel then asked the witness when was the next time after the offense that the police had come to see him, to which the witness responded, "[a]bout three days. . . ."
On redirect, the State then sought to introduce evidence that, three days after the offense, the police met with the witness, at which time he identified the appellant from a photographic array. This was proper rebuttal by the State. Furthermore, by defense counsel's final questioning during cross-examination of this witness, counsel opened the door for the prosecutor to ask the witness about his meeting with the police three days after the offense. See Guthrie v. State,616 So.2d 914, 927 (Ala.Cr.App. 1993); Lewis v. State,488 So.2d 1362, 1367 (Ala.Cr.App. 1986). See also Kolmetz v. State,600 So.2d 389, 394-95 (Ala.Cr.App. 1991), cert. denied,600 So.2d 396 (Ala. 1992).
 II
The appellant argues that the trial court erred in allowing an identification witness to testify that he observed the appellant in an unrelated burglary. Specifically, the appellant argues that the trial court should not have allowed the identification witness to testify that the appellant was involved in a theft of items from his home two months before the instant offense. The appellant argues that this testimony was improper identification evidence and that it allowed the introduction of testimony concerning prior bad acts.
The record indicates that the offense in question occurred in March 1994, when an identifying witness observed a light blue Chevrolet truck parked near a construction area, in which a new house was being built. The witness observed that the truck was present at the construction site for over one-half hour and that there were two black males in or beside the vehicle. The witness then approached the males and questioned them as to why they were there and what they were doing. Some time later, three exterior doors and a prefabricated fireplace from the house were discovered missing. Outside the presence of the jury, the State proffered evidence concerning an event that had occurred before the instant offense. Specifically, the State proffered evidence that this witness had observed the same truck, with the same two black males in it, at his home while it had been under construction. The witness had seen the truck beyond a barricade that had been put up to keep people out of the construction site. When the witness approached the truck, the truck sped away. Undisclosed items of property were found to be missing from the witness's home.
The State argued that this evidence was admissible as identification evidence. The trial judge, after hearing the testimony, responded that he believed it to be admissible to explain the witness's actions in approaching the truck and the individuals on the occasion of the offense in this case. The trial judge stated, "[I]t is just relevant to the issues in this case. Not offered solely for proving the prior bad on the part of the defendant." Another statement by the trial judge tends to indicate that he also believed that this evidence may be relevant as to the issue of identity.
The State argues in its brief to this court that the prior theft was admissible to prove the identity of the perpetrators of the instant *Page 1224 
theft. The evidence presented showed that the two offenses occurred at houses located in the same subdivision, were separated by only two months, occurred in the afternoon, and that, in both cases, the suspects were two black males driving a Chevrolet pickup truck. Furthermore, both were thefts from houses under construction.
 " ' "On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character, inclination or propensity to commit the type of crime for which he is being tried. This is a general exclusionary rule which prevents the introduction of prior criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question." ' Pope v. State, 365 So.2d 369, 371 (Ala.Cr.App. 1978), quoting C. Gamble, McElroy's Alabama Evidence § 69.01 (3d ed. 1977). ' "This exclusionary rule is simply an application of the character rule which forbids the State to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of prior crimes has almost an irreversible impact upon the minds of the jurors." ' Ex parte Arthur, 472 So.2d 665, 668 (Ala. 1985), quoting McElroy's supra, § 69.01(1). Thus, the exclusionary rule serves to protect the defendant's right to a fair trial. ' "The jury's determination of guilt or innocence should be based on evidence relevant to the crime charged." ' Ex parte Cofer, 440 So.2d 1121, 1123 (Ala. 1983); Terrell v. State, 397 So.2d 232, 234 (Ala.Cr.App. 1981), cert. denied, 397 So.2d 235 (Ala. 1981); United States v. Turquitt, 557 F.2d 464, 468 (5th Cir. 1977).
 " 'If the defendant's commission of another crime or misdeed is an element of guilt, or tends to prove his guilt otherwise than by showing of bad character, then proof of such other act is admissible.' Saffold v. State, 494 So.2d 164
(Ala.Cr.App. 1986). The well-established exceptions to the exclusionary rule include: (1) relevancy to prove identity; (2) relevancy to prove res gestae; (3) relevancy to prove scienter; (4) relevancy to prove intent; (5) relevancy to show motive; (6) relevancy to prove system; (7) relevancy to prove malice; (8) relevancy to rebut special defenses; and (9) relevancy in various particular crimes. Willis v. State, 449 So.2d 1258, 1260
(Ala.Cr.App. 1984); Scott v. State, 353 So.2d 36
(Ala.Cr.App. 1977). However, the fact that evidence of a prior had act may fit into one of these exceptions will not alone justify its admission. ' "Judicial inquiry does not end with a determination that the evidence of another crime is relevant and probative of a necessary element of the charged offense. It does not suffice simply to see if the evidence is capable of being fitted within an exception to the rule. Rather, a balancing test must be applied. The evidence of another similar crime must not only be relevant, it must also be reasonably necessary to the government's case, and it must be plain, clear, and conclusive, before its probative value will be held to outweigh its potential prejudicial effects." ' Averette v. State, 469 So.2d 1371, 1374 (Ala.Cr.App. 1985), quoting United States v. Turquitt, supra, at 468-69. ' " 'Prejudicial' is used in this phrase to limit the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial." [Citation omitted.] "Of course, 'prejudice, in this context, means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contention; but that cannot be ground for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one.' " ' Averette v. State, supra, at 1375."
Robinson v. State, 528 So.2d 343, 347 (Ala.Cr.App. 1986). See also Hunt v. State, 642 So.2d 999 (Ala.Cr.App. 1993), aff'd, Exparte Hunt, 642 So.2d 1060 (Ala. 1994) (wherein this court stated that the State's evidence concerning a number of previous bank transfers and financial transactions was admissible in a case involving one such transaction, *Page 1225 
where identity was at issue, in order to prove plan, design, scheme, or system.)
In the present case, this evidence, i.e., the testimony that the appellant was witnessed by the identification witness in connection with a prior theft, was admissible as relevant to the issue of identity, as well as plan, scheme, or system. The perpetrator's identity was called into issue, as indicated in Issue I, through defense counsel's questioning of the identification witness. Moreover, the evidence tends to prove that the appellant had a plan of burglarizing houses under construction.
Moreover, in this case, the probative value of this evidence outweighed its prejudicial effect in that this evidence would not have had an "undue tendency to move the tribunal to decide on an improper basis," Robinson v. State, supra, at 347. The State provided evidence that the missing items were recovered from a house in which only the appellant was present, the appellant was identified by the witness as having been present on the day that the items were taken, and, when the items were recovered from the appellant, the actual blueprints showing the placement of the fireplace in the home under construction were still contained in the fireplace. Furthermore, the State provided evidence that information concerning the appellant was also gathered after investigating the vehicle that had been seen at both burglaries.
Therefore, in light of the foregoing, this evidence was properly admitted. The trial court's judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
All Judges concur.