David Moore was convicted of two counts of robbery in the first degree, violations of § 13A-8-41, Code of Alabama 1975. He was sentenced to concurrent terms of 21 years' imprisonment.
 I.
Moore claims that the trial court erred in allowing the investigating police officer, Detective Richard Miller, to testify as to the victim's identification of Moore from a photographic array. Moore argues that this testimony unfairly prejudiced him because, he says, it allowed the jury to infer that, because his photograph appeared in an array, he had committed prior bad acts, and thus, he says, the testimony violated Rule 404(b), Ala.R.Evid. Rule 404(b) prohibits, with some exceptions, the introduction of evidence of a defendant's prior bad acts solely to prove bad character in order to show that the defendant acted in conformity with that bad character. See also C. Gamble, McElroy's Alabama Evidence, § 69.01(1) (5th ed. 1996). However, the record reveals that the victim identified Moore in open court. (R. 89 and 145.) On cross-examination, Moore's attorney attacked the victim's identification and succeeded in eliciting conflicting testimony from the victim. (R. 110-27, 138-41, and 146-47.) The testimony from Detective Miller was correctly received into evidence to rehabilitate the victim's identification testimony. Bowers v.State, 629 So.2d 793, 795 (Ala.Cr.App. 1993); McElroy's AlabamaEvidence at § 177.01(6)(b). See also Stallworth v. State,662 So.2d 1222, 1223 (Ala.Cr.App. 1995) (after cross-examination by the defense attorney, during which the victim's identification of the defendant was called into question, the state properly introduced rebuttal evidence that the victim had identified the defendant in a police photographic array conducted a few days after the crime). The trial court did not err in allowing Detective Miller's testimony.
 II.
Moore argues that the trial court erred in allowing a map drawn by Detective Miller during direct examination to be considered by the jury during its deliberations without the map's having been admitted into evidence. However, the record reveals that Detective Miller drew this map while he testified about the location where the crimes occurred and the surrounding area. (R. 151-54.) The map did not contain any information that Detective Miller did not testify to; it was used as a part of his testimony and, as a result, it was evidence in this case; the map was properly considered by the jury during its deliberations. Smith v. State, 344 So.2d 1239,1241-42 (Ala.Cr.App.), cert. denied, 344 So.2d 1243 (Ala. 1977); Miller v. State, 518 So.2d 801, 806 (Ala.Cr.App. 1987);McElroy's at § 123.01(6). No error occurred *Page 1326 
in allowing the jury to consider the map during its deliberations.
 III.
Moore contends that the jury rendered inconsistent verdicts when it acquitted him of assault in the first degree, a violation of § 13A-6-20(a)(1), Code of Alabama 1975, and then found him guilty of robbery in the first degree, a violation of § 13A-8-41(a)(2), because an element common to both offenses is causing the victim serious physical injury.[1] However, this issue was never presented to the trial court; consequently, it is not preserved for our review. See Little v. State, 676 So.2d 959,964 (Ala.Cr.App. 1996); Perry v. State, 568 So.2d 873, 875
(Ala.Cr.App. 1990).
 IV.
Moore claims that the trial court erred in allowing the jury to render a guilty verdict on both counts of first degree robbery. Section 13A-8-41 states, in pertinent part:
 "(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another."
The jury acquitted Moore of attempted murder and first degree assault late in the day of the trial. After it rendered that verdict, the jury was dismissed for the night. The next morning, the trial court reinstructed the jury on both categories of first degree robbery and also provided the jury with verdict forms for both. Although Moore's counsel did not object to the original jury charge, he raised this issue to the trial court after the jury retired to consider the robbery charges; this was sufficient to preserve the issue for our review. See King v. State, 574 So.2d 921, 929 (Ala.Cr.App. 1990) (a motion for a new trial was sufficient to preserve the issue of whether the defendant could be found guilty of four offenses, two counts of rape in the first degree and two lesser included offenses of sexual abuse in the first degree, all of which arose from a single act).
The evidence adduced at trial tended to show that Moore committed one act of robbery against one victim.
 "As our Supreme Court stated in Sisson v. State, 528 So.2d 1159 (Ala. 1988), '[T]he two subsections of a similar statute were merely alternative methods of proving the same crime, and therefore, did not constitute separate offenses.' "
574 So.2d at 929. To convict and sentence Moore for two offenses, charged under the same statute and arising out of one act, violates the guarantee against being placed in double jeopardy, which protects a defendant from being subjected to multiple punishments for the same offense. Rolling v. State,673 So.2d 812, 814 (Ala.Cr.App. 1995). For this reason, the state in its brief on appeal requests that we remand this cause so that the trial court can vacate one of Moore's convictions and sentences. Although Moore's sentences were to be served concurrently, the presence on his record of two convictions could affect parole eligibility and would certainly affect sentencing upon application of the Habitual Felony Offender Act should he commit a future offense. Therefore, in accordance with the state's request and the caselaw cited above, we affirm Moore's conviction and sentence as to Count II of his robbery indictment, § 13A-8-41(a)(1), Code of Alabama 1975, and we reverse the trial court's judgment as to Count I and remand this cause to the trial court with instructions that it vacate his conviction and sentence as to Count I, § 13A-8-41(a)(2). The trial court should file with this court its order vacating Moore's conviction and sentence, above, so that due return may be made to this court within 28 days of the date of this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.* *Page 1327 
All the Judges concur.
[1] In the instant case, the defendant was indicted for attempted murder (along with the two robbery counts) and the jury was also charged on the lesser-included offense of assault in the first degree. The evidence showed that the victim was shot three times during the robbery — once in the hand, once in the leg and once in the stomach.
* Note from the reporter of decisions: On August 22, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 26, 1997, that court denied rehearing, without opinion. On January 23, 1998, the Supreme Court denied certiorari review, without opinion (1970064).