The appellant, Christopher Dejuan Smith, was convicted of two counts of first-degree robbery, a violation of § 13A-8-41(a)(1), Ala. Code 1975.[1] The trial court sentenced him to serve concurrent terms of twenty years in prison on each conviction, but split the sentences and ordered him to serve five years in prison followed by five years on unsupervised probation. The appellant filed a motion for a new trial, which the trial court denied. This appeal followed.
The State presented evidence that, on December 16, 2002, the appellant and a taller black male entered the business of Fives Automotive and announced, "`This is a robbery.'" (R. 91.) The taller male ordered the office manager, Emmy Kiani, to give them the money out of the cash drawer. After they found out that there was little money in the drawer, the appellant mentioned Kiani's purse. As she got out her wallet, the taller man hit her on the head with the gun several times and took her wallet. The men then fled with the money from the cash drawer and Kiani's wallet. Subsequently, Kiani identified the appellant as one of the robbers.
The appellant argues that his convictions for two counts of first-degree robbery violate double jeopardy principles. We addressed a similar factual situation and argument in Craig v.State, [Ms. CR-02-0812, March 26, 2004]* (Ala.Crim.App. 2004), as follows:
 "The facts adduced at trial indicate the following: On July 9, 2001, Paulette Gallahar was working at a dry-cleaning business when Craig entered the store, pulled out a weapon, and announced,' "Oh by the way, this is a robbery. . . . I'm taking money out of this store and I'm taking your car."' (R. 95.) Craig stole $45 from the cash register and forced Gallahar into the back of the store. In the back of the store, Craig took $5 and car keys from Gallahar's purse. Craig forced Gallahar to kneel in a corner, put plastic around her head, and held a gun to her head. Another customer entered the front of the store. Craig went to wait on the customer, so as to not cause any suspicion. Gallahar ran to the doorway to the front of the store and shouted, `"It's a robbery, it's a robbery."' (R. 103.) She ran out the back door, yelling, jumped into her car, and locked the doors. Craig followed her and, with her keys, unlocked the passenger side door. Craig got into the passenger side of the front seat, grabbed Gallahar's wrist, and stated, *Page 383 
`Okay, bitch, you're driving.' (R. 105.) Gallahar jerked away from Craig, jumped out of the car, and ran. Craig drove away from the scene of the crime in Gallahar's car. Craig was arrested in Kentucky several days later in Gallahar's car. Gallahar later picked Craig out of a photographic lineup.
". . . .
 ". . . Craig argues on appeal, as he did at trial, that he robbed only one person, albeit twice, and that, therefore, `double jeopardy principles are implicated.' (C. 47.). . . .
". . . .
 "`The constitutional guarantee against double jeopardy protects a defendant from being subjected to multiple punishments for the same offense. This guarantee bars the conviction of a defendant for two separate counts of first-degree robbery where the evidence adduced at trial tended to show that the defendant committed only one act of robbery against one victim. Moore v. State, 709 So.2d 1324
(Ala.Crim.App. 1997).'
 "Young v. State, 724 So.2d 69, 73 (Ala.Crim.App. 1998).
 "`This is not a case where the same act or transaction constitutes a violation of two distinct statutory provisions. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306
(1932). . . . The pertinent inquiry in deciding whether [these convictions are] acceptable in the face of constitutional guarantees against double jeopardy then becomes defining the correct unit of prosecution. Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955).
 "`"`A single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense. Const. of 1901, Art. I, § 9; U.S. Const. Amend. V.' Ex parte Darby, 516 So.2d 786, 787 (Ala. 1987). Such question of double jeopardy is determined by the following principles:
 "`"`It has been aptly noted that "the Blockburger [v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932),] test is insufficient where . . . the concern is not multiple charges under separate statutes, but rather successive prosecutions for conduct that may constitute the same act or transaction." Rashad v. Burt, 108 F.3d 677 (6th Cir. 1997). This is because when "a defendant is convicted for violating one statute multiple times, the same evidence test will never be satisfied." State v. Adel, 136 Wash.2d 629, 965 P.2d 1072
(1998). The "appropriate inquiry" in such a case "asks what `unit of prosecution' was intended by the Legislature as the punishable act. . . . The inquiry requires us to look to the language and purpose of the statutes, to see whether they speak directly to the issue of the appropriate unit of prosecution, and if they do not, to ascertain that unit, keeping in mind that any ambiguity that arises in the process must be resolved, under the rule of lenity, in the defendant's favor." Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000) (concluding that allegedly multiple drug possessions justify multiple charges if the possessions are sufficiently differentiated by time, place or intended purpose, the case here regarding defendant's possession of drugs at his residence for immediate sale *Page 384 
and his possession of drugs at motel for future sales).'
 "`"4 Wayne R. LaFave et al., Criminal Procedure § 17.4(b), 2001 Pocket Part n. 66 (2d ed. 1999). See also Project, `Twenty Ninth Annual Review of Criminal Procedure,' 88 Geo. L.J. 879, 1293 (2000) (`when the government seeks to prove that a single act or occurrence results in multiple violations of the same statute, the rule of lenity requires only one punishment unless legislative intent to impose multiple punishments is shown')."
 "`Townsend v. State, 823 So.2d 717, 722
(Ala.Crim.App. 2001) (footnote omitted [in Girard v. State, 883 So.2d 714 (Ala.Crim.App. 2002)]).'
"Girard, 883 So.2d at 715-16.
 "`"Robbery is an offense against the person. . . ."' Ex parte Windsor, 683 So.2d 1042, 1046 (Ala. 1996) (quoting Windsor v. State, 683 So.2d 1027, 1032
(Ala.Crim.App. 1994)). That is, the victim in this case was Gallahar, not the dry-cleaning business, although some of the property taken belonged to the business. Proof of an actual taking of property is not required to sustain a conviction for robbery. See Cook v. State, 582 So.2d 592 (Ala.Crim.App. 1991). Thus it is the use of force, or the threat of the use of force, against the person that constitutes the crime; therefore, the unit of prosecution is the act of violence against the person. Thus, the number of charges against the defendant is not determined by the number of pieces of property actually taken, as was done in this case. Cf. Connolly v. State, 539 So.2d 436, 441-42 (Ala.Crim.App. 1988) (`The State could not convert a single theft of various items of property into separate offenses by alleging the theft of different items in separate indictments. All the property was taken during the same transaction and constituted one offense. Such is not permitted.').
"In Young, this Court reasoned:
 "`In the present case, the court differentiated the two counts of robbery as follows:
 "`"And the State is maintaining that the first robbery charge is in regard to the $42 or $43 that [V.E.] said was taken from his wallet. And then that the other robbery charge was the going to the, I believe, the front bedroom, seeking money on that occasion."
"`(R. 416.)
 "`The State presented evidence of one [robbery], but not two separate robberies. The evidence tended to show that Young committed one continuous act of robbery against V.E., using a deadly weapon while committing a theft. The fact that Young forced V.E. into another room does not create a second robbery. The trial court erred in instructing the jury that it did. See Rolling v. State, 673 So.2d 812, 815
(Ala.Crim.App. 1995).'
"724 So.2d at 73.
 "The evidence in this case, like the evidence in Young, shows that Craig committed one continuous act of robbery against Gallahar. For the reasons stated above, the fact that Craig took property from both Gallahar and from the dry-cleaning business does not create two separate robbery offenses. Therefore, because Craig was twice placed in jeopardy by being indicted for and convicted of two separate charges of first-degree robbery when he in fact committed only one crime against one victim, one of Craig's convictions for first-degree *Page 385 
robbery is to be vacated, along with the accompanying sentence."
(Footnote omitted.)
Similarly, in this case, the evidence established only one continuous robbery offense against Kiani. Therefore, the appellant's convictions for two counts of first-degree robbery violate double jeopardy principles. Accordingly, we remand this case to the trial court with instructions that it vacate one of the appellant's convictions and sentences for first-degree robbery. On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.**
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] The appellant was also indicted for second-degree assault, but the trial court granted his motion for a judgment of acquittal as to that charge at the close of the State's evidence.
* Note from the reporter of decisions: On June 25, 2004, the Alabama Court of Criminal Appeals withdrew its March 26, 2004, opinion in Craig v. State and substituted a new opinion. The material quoted from the March 26, 2004, opinion also appears in the June 25, 2004, opinion.
** Note from the reporter of decisions: On August 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.