The appellant, Billy C. Bowen, filed a Rule 32, Ala. R.Crim. P., petition, attacking his guilty-plea conviction for attempted murder and his sentence of life imprisonment. Bowen did not appeal his conviction.
In his Rule 32 petition, Bowen argued that his guilty plea was involuntary because, he said, he was not advised of the elements of the charge and the sentencing range, and he was "misled" by the State and trial counsel as to the length of his sentence. He further argued that he was denied effective assistance of counsel, making the following allegations against trial counsel: (1) that counsel failed to investigate Bowen's case or prepare for trial; (2) that he did not object to the trial court's refusal to set bond for Bowen; (3) that he "coerced" Bowen into pleading guilty; (4) that he did not communicate with Bowen; and (5) that he did not advise Bowen that he was entering a blind plea. Finally, Bowen claimed that the trial court's refusal to set bond denied him his due-process and equal-protection rights.
The State moved to dismiss, arguing that Bowen's petition was procedurally barred by Rule 32.2(a)(1), (a)(3), and (a)(5), Ala. R.Crim. P., and that his ineffective-assistance-of-counsel claims did not satisfy the test outlined in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court summarily denied the Rule 32 petition on the grounds pleaded by the State.
A review of the record shows that the trial court properly denied Bowen's ineffective assistance claims. In order to prevail on a claim of ineffective assistance of counsel, the appellant must satisfy the two-pronged test outlined in Strickland, supra. Williams v. State, 480 So.2d 1265 (Ala.Crim.App. 1985). The Strickland *Page 312 
test requires that the appellant prove not only that counsel's performance was deficient, but also that the deficiency prejudiced the appellant. This Court indulges the presumption that trial counsel's representation was sufficient and that counsel's assistance was effective. Hallford v. State,629 So.2d 6 (Ala.Crim.App. 1992). Here, Bowen has presented naked claims alleging that counsel was deficient; he has offered no factual or legal support for those claims. Because he failed to meet either prong of the Strickland test, the trial court properly denied him relief on this ground.
Bowen also was not entitled to postconviction relief on his claim that the trial court erred in denying bail. His argument predicated on the trial court's refusal to set bond is a constitutional claim and is precluded because it could have been, but was not, raised during Bowen's guilty-plea proceedings. Rule 32.2(a)(3), Ala. R.Crim. P.; see Pratt v. State, 851 So.2d 142
(Ala.Crim.App. 2002).
Further, Bowen's allegation that his guilty plea was involuntary because he was promised a "low sentence" by the State, as well as by his own counsel, is not pleaded with specificity as required by Rule 32.6(b), Ala. R.Crim. P. However, it is unclear whether he was advised of the elements of attempted murder and the sentencing range before he entered his guilty plea, in compliance with Rule 14.4(a)(1)(i) and (a)(1)(ii), Ala. R.Crim. P. The State has requested that this matter be remanded for the trial court to determine whether it informed Bowen of the nature of the charge against him, including its elements, and the applicable sentencing range. The record supports such a request. See Waddle v. State, 784 So.2d 367 (Ala.Crim.App. 2000). Accordingly, this case is remanded for the Bullock Circuit Court to determine the merits of this claim, making specific findings of fact. Due return shall be made within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On October 22, 2004, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. *Page 313