Paul Sylvester Abrams appeals from the circuit court's summary denial of his second Rule 32, Ala. R.Crim. P., petition. Abrams was convicted in 1994 of two counts of robbery in the first degree and was sentenced to 35 years' imprisonment on each count; the sentences were to be served concurrently. According to Abrams's pleadings his convictions and sentences were affirmed on direct appeal and the circuit court's denial of his request for relief from his conviction presented in a habeas corpus petition and in a prior Rule 32, Ala. R.Crim. P., petition were also affirmed on appeal by this Court. The instant Rule 32 petition was filed on September 8, 2005. The circuit court issued an order denying the petition on the grounds that it was procedurally barred and that it was without merit, although the order contained no findings of fact.
On appeal, as in his petition, Abrams contends that the trial court was without jurisdiction to render judgment and to impose sentence for two convictions based on a single robbery. Specifically, he claimed that he committed a robbery against Regina Shoemaker, an employee of the Rebel Social Club. The State responded to the petition asserting various procedural preclusions and asserting that "[i]tems from two different victims were taken even though they were part of the same course of conduct and therefore this claim is moot and due to be denied." (CR. 29.) He asserts that he stole personal items from Shoemaker, the cashier at the Rebel Social Club, and that he stole money from the cash register at the club. He also claimed that the United States Constitution prohibits being convicted twice for one course of conduct.
In reviewing the circuit court's denial of Abrams's petition, we will affirm the circuit court "[i]f the circuit court is correct for any reason, even though it may not be the stated reason. . . . See Roberts v. State, 516 So.2d 936
(Ala.Cr.App. 1987)." Reed v. State, 748 So.2d 231, 233
(Ala.Crim.App. 1999); see also Ex parte City ofFairhope, 739 So.2d 35, 39 (Ala. 1999).
Couched as a constitutional error, Abrams's claim fails. A constitutional challenge is nonjurisdictional and therefore subject to the procedural bars set forth in Rule 32, Ala. R.Crim. P. See, e.g., Ex parte Sanders, 792 So.2d 1087
(Ala. 2001) (constitutional issues are subject to the procedural bars of Rule 32); Bowen v. State, 899 So.2d 310
(Ala.Crim.App. 2004).
We believe, however, that Abrams has pleaded a jurisdictional claim that warrants a remedy.
 Abrams was indicted as follows:[1] *Page 796 
 "Count I
 ". . . Paul Sylvester Abrams Jr., AKA Ronald Dean Pruitt . . . did in the course of committing a theft of a gold chain, rings, lawful United States currency and a wallet and its contents, the property of Regina Shoemaker, threaten the imminent use of force against the person of Regina Shoemaker, with intent to compel acquiescence to the taking of or escaping with the property, while the said Paul Sylvester Abrams, Jr., . . . or another participant was armed with a deadly weapon or dangerous instrument, to-wit: a gun, in violation of § 13A-8-41 of the Code of Alabama. . . .
 "Count II
 ". . . Paul Sylvester Abrams, Jr., . . . did in the course of committing a theft of lawful United States currency, the property of Rebel Club, Inc., threaten the imminent use of force against the person of Regina Shoemaker, with intent to compel acquiescence to the taking of or escaping with the property, while the said Paul Sylvester Abrams, Jr., . . . or another participant was armed with a deadly weapon or dangerous instrument, to-wit: a gun, in violation of § 13A-8-41 of the Code of Alabama. . . ."
(Clerk's record on direct appeal at p. 7.)
"A single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense." Ex parte Darby, 516 So.2d 786, 787
(Ala. 1987). Thus, Abrams's claim that he was the victim of multiple prosecutions for the same course of conduct implicates the trial court's jurisdiction to render judgment and to impose sentences. "Jurisdictional matters may be raised at any time."Whitt v. State, 827 So.2d 869, 876 (Ala.Crim.App. 2001); see also Jones v. State, 724 So.2d 75, 76
(Ala.Crim.App. 1998) (jurisdictional claims are "not precluded by the limitations period or by the rule against successive petitions"). Thus, this claim is exempt from the procedural bars contained in Rule 32, Ala. R.Crim. P.
We addressed a similar factual situation and argument inCraig v. State, 893 So.2d 1250 (Ala.Crim.App. 2004), as follows:
 "The facts adduced at trial indicate the following: On July 9, 2001, Paulette Gallahar was working at a dry-cleaning business when Craig entered the store, pulled out a weapon, and announced, `"Oh by the way, this is a robbery. . . . I'm taking money out of this store and I'm taking your car."' (R. 95.) Craig stole $45 from the cash register and forced Gallahar into the back of the store. In the back of the store, Craig took $5 and car keys from Gallahar's purse. Craig forced Gallahar to kneel in a corner, put plastic around her head, and held a gun to her head. Another customer entered the front of the store. Craig went to wait on the customer, so as to not cause any suspicion. Gallahar ran to the doorway to the front of the store and shouted, `"It's a robbery, it's a robbery."' (R. 103.) She ran out the back door, yelling, jumped into her car, and locked the doors. Craig followed her and, with her keys, unlocked the passenger side door. Craig got into the passenger side of the front seat, grabbed Gallahar's wrist, and stated, `Okay, bitch, you're driving.' (R. 105.) Gallahar jerked away from Craig, jumped out of the car, and ran. Craig *Page 797 
drove away from the scene of the crime in Gallahar's car. Craig was arrested in Kentucky several days later in Gallahar's car. Gallahar later picked Craig out of a photographic lineup.
 ". . . .
 ". . . Craig argues on appeal, as he did at trial, that he robbed only one person, albeit twice, and that, therefore, `double jeopardy principles are implicated.' (C. 47.) . . .
 ". . . .
 "`The constitutional guarantee against double jeopardy protects a defendant from being subjected to multiple punishments for the same offense. This guarantee bars the conviction of a defendant for two separate counts of first-degree robbery where the evidence adduced at trial tended to show that the defendant committed only one act of robbery against one victim. Moore v. State, 709 So.2d 1324 (Ala.Crim.App. 1997).'
 "Young v. State, 724 So.2d 69, 73
(Ala.Crim.App. 1998).
 "`This is not a case where the same act or transaction constitutes a violation of two distinct statutory provisions. See Blockburger v. United States, 284 U.S. 299 (1932). . . . The pertinent inquiry in deciding whether [these convictions are] acceptable in the face of constitutional guarantees against double jeopardy then becomes defining the correct unit of prosecution. Bell v. United States, 349 U.S. 81 (1955).
 "`"`A single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense. Const, of 1901, Art. I, § 9; U.S. Const. Amend. V.' Ex parte Darby, 516 So.2d 786, 787 (Ala. 1987). Such question of double jeopardy is determined by the following principles:
 "`"`It has been aptly noted that "the Blockburger [v. United States, 284 U.S. 299 (1932),] test is insufficient where . . . the concern is not multiple charges under separate statutes, but rather successive prosecutions for conduct that may constitute the same act or transaction." Rashad v. Burt, 108 F.3d 677 (6th Cir. 1997). This is because when "a defendant is convicted for violating one statute multiple times, the same evidence test will never be satisfied." State v. Adel, 136 Wash.2d 629, 965 P.2d 1072
(1998). The "appropriate inquiry" in such a case "asks what `unit of prosecution' was intended by the Legislature as the punishable act. . . . The inquiry requires us to look to the language and purpose of the statutes, to see whether they speak directly to the issue of the appropriate unit of prosecution, and if they do not, to ascertain that unit, keeping in mind that any ambiguity that arises in the process must be resolved, under the rule of lenity, in the defendant's favor." Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000) (concluding that allegedly multiple drug possessions justify multiple charges if the possessions are sufficiently differentiated by time, place or intended purpose, the case here regarding defendant's possession of drugs at his residence for immediate sale and his possession of drugs at motel for future sales).'
 "`"4 Wayne R. LaFave et al., Criminal Procedure § 17.4(b), 2001 Pocket Part n. 66 (2d ed. 1999). See also Project, `Twenty Ninth Annual Review of *Page 798 
Criminal Procedure,' 88 Geo. L.J. 879, 1293 (2000) (`when the government seeks to prove that a single act or occurrence results in multiple violations of the same statute, the rule of lenity requires only one punishment unless legislative intent to impose multiple punishments is shown')."
 "`Toumsend v. State, 823 So.2d 717, 722
(Ala.Crim.App. 2001) (footnote omitted [in Girard]).'
 "Girard [v. State], 883 So.2d [714] at 715-16
[(Ala.Crim.App. 2002)].
 "`"Robbery is an offense against the person. . . ."' Ex parte Windsor, 683 So.2d 1042, 1046
(Ala. 1996) (quoting Windsor v. State, 683 So.2d 1027, 1032 (Ala.Crim.App. 1994)). That is, the victim in this case was Gallahar, not the dry-cleaning business, although some of the property taken belonged to the business. Proof of an actual taking of property is not required to sustain a conviction for robbery. See Cook v. State, 582 So.2d 592
(Ala.Crim.App. 1991). Thus it is the use of force, or the threat of the use of force, against the person that constitutes the crime; therefore, the unit of prosecution is the act of violence against the person. Thus, the number of charges against the defendant is not determined by the number of pieces of property actually taken, as was done in this case. Cf. Connolly v. State, 539 So.2d 436, 441-42
(Ala.Crim.App. 1988) (`The State could not convert a single theft of various items of property into separate offenses by alleging the theft of different items in separate indictments. All the property was taken during the same transaction and constituted one offense. Such is not permitted.').
 "In Young, this Court reasoned:
 "`In the present case, the court differentiated the two counts of robbery as follows:
 "`"And the State is maintaining that the first robbery charge is in regard to the $42 or $43 that [V.E.] said was taken from his wallet. And then that the other robbery charge was the going to the, I believe, the front bedroom, seeking money on that occasion."
 "`(R. 416.)
 "`The State presented evidence of one [robbery], but not two separate robberies. The evidence tended to show that Young committed one continuous act of robbery against V.E., using a deadly weapon while committing a theft. The fact that Young forced V.E. into another room does not create a second robbery. The trial court erred in instructing the jury that it did. See Rolling v. State, 673 So.2d 812, 815
(Ala.Crim.App. 1995).'
 "724 So.2d at 73.
 "The evidence in this case, like the evidence in Young, shows that Craig committed one continuous act of robbery against Gallahar. For the reasons stated above, the fact that Craig took property from both Gallahar and from the dry-cleaning business does not create two separate robbery offenses. Therefore, because Craig was twice placed in jeopardy by being indicted for and convicted of two separate charges of first-degree robbery when he in fact committed only one crime against one victim, one of Craig's convictions for first-degree robbery is to be vacated, along with the accompanying; sentence."
893 So.2d at 1252-56 (footnote omitted). See Smith v.State, 895 So.2d 381, 382-385 (Ala.Crim.App. 2004) (relying on Craig, this Court found that two convictions for first-degree *Page 799 
robbery violated principles of double jeopardy where the appellant took money from the business cash drawer and from office manager's purse); McPherson v. State,933 So.2d 1114 (Ala.Crim.App. 2005) (finding Craig to be factually similar, this Court found the appellant's convictions for two counts of discharging a firearm into an occupied dwelling during one course of conduct was a double-jeopardy violation).
Therefore, we remand this case to the circuit court with directions to grant Abrams's Rule 32 petition and to enter a new order that adjudges Abrams guilty of the single offense of robbery and to sentence Abrams for that single offense. On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] "The Court of Criminal Appeals can take judicial notice of its own records." Ragland v. State, 883 So.2d 730,731 n. 2 (Ala.Crim.App. 2003), citing Ex parte Salter,520 So.2d 213, 216 (Ala.Crim.App. 1987).
* Note from the reporter of decisions: On August 24, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.